MICHELE A. CALLOW, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent.
Callow v. Commissioner
Docket No. 9270-79.
United States Tax Court
T.C. Memo 1980-271; 1980 Tax Ct. Memo LEXIS 308; 40 T.C.M. (CCH) 748; T.C.M. (RIA) 80271; July 28, 1980, Filed *308 Petitioner filed tax returns for 1976 and 1977 on which she gave no information with respect to her taxable income but instead entered the word "object" or "**" on each line of the returns. When her case was called for trial petitioner offered no evidence but relied on constitutional arguments.Held, petitioner's motion to dismiss for lack of jurisdiction denied. Held,further, respondent's motion for summary judgmnent granted. Michele A. Callow, pro se. Benjamin DeLuna, for the respondent. DRENNEN
MEMORANDUM OPINION DRENNEN, Judge: Respondent has determined the following deficiencies in, and additions to, the petitioner's 1976 and 1977 income taxes: Addition to tax under
Year
Deficiency
sec. 6651(a)[1]
sec. 6653(a)
1976
$777
$194
$39
1977
900
225
45 Michele A. Callow, the petitioner herein, resided in Aurora, Colo., at the time of the filing or the petition in this case. For each of the taxable years 1976 and 1977 petitioner filed with the Internal Revenue Service Center, Ogden, Utah, a Form 1040. With the exception of one line on which she entered *309 the word "None," petitioner entered the word "object" or "**" on each line of the Forms 1040. Petitioner made no entry of filing status and reported no deductions or credits. She did, however, sign her name to the forms. Petitioner refused to provide respondent with any books or records from which to determine her tax liability for the taxable years 1976 and 1977. On April 10, 1979, respondent mailed to petitioner a notice of deficiency. By this letter, respondent determined that petitioner received as wages the amounts of $7,311 and $8,450 in 1976 and 1977, respectively. This determination was based on information obtained from petitioner's employer. The deficiency letter reflected a $777 and $900 deficiency in petitioner's income taxes for the taxable years 1976 and 1977, respectively. These deficiencies were based on a single-filing status for petitioner, using as gross income the amounts obtained from her employer. In her petition, petitioner did not raise any issues concerning the amounts of income and deductions used by respondent in his calculations. Instead, she made various assignments of error on constitutional grounds. At the calendar call of this Court on May *310 12, 1980, in Denver, Colo., the petitioner stated that she did not intend to present any evidence to rebut respondent's determinations, being content to rely solely on various constitutional objections to the imposition of tax. Respondent at that point moved for summary judgment pursuant to Rule 121, Tax Court Rules of Practice and Procedure. A written motion, together with an affidavit and exhibits attached thereto, was filed with this Court on May 15, 1980. On May 27, 1980, petitioner filed a motion to dismiss for lack of jurisdiction. Petitioner's answer to respondent's motion for summary judgment was also filed on May 27, 1980, which stated that this Court was without jurisdiction to decide respondent's motion. Respondent filed a timely objection to petitioner's motion to dismiss on June 16, 1980. This case is now before this Court on petitioner's motion to dismiss for lack of jurisdiction and respondent's motion for summary judgment. As petitioner's motion raises jurisdictional questions, we will consider it first. The gist of petitioner's argument is as follows. Under section 6211(a), a deficiency is defined as "the amount by which the tax imposed by Subtitle A * * * exceeds *311 the excess of-- * * * the amount shown as the tax by the taxpayer upon his return, if a return was made by the taxpyer and an amount was shown as the tax by the taxpayer thereon." From this petitioner argues (1) there has been no determination that petitioner was required to file a return, (2) no return was in fact required to be filed, and (3) respondent has denied that a return has been filed: therefore, as no return has been, or was required to be, filed there can be no deficiency upon which to base our jurisdiction. See sec. 6214. These contentions are wholly without merit. In the first place, respondent's determination, which the taxpayer refuses to offer evidence to dispute, is a determination that petitioner was required in accordance with section 6012(a)(1)(A) to file returns for the tax years in issue. [2] Furthermore, on the basis of the record, tax returns for the taxable years in issue were required to be filed. In her motion to dismiss, while not disputing the amounts of gross income determined by respondent, petitioner for the first time asserts that respondent failed to consider various unspecified losses which my *312 have reduced "wages" below the minimum levels provided for by section 6012. [3] *313 Even if we assume that petitioner incurred losses during the taxable years in issue in excess of wages, this fact does not help petitioner. Section 6012(a) speaks in terms of gross income which is defined in section 61. At most these unspecified losses would be adjustments to gross income, see sec. 62, and would not reduce gross income for the purposes of section 6012(a). [4] Cf. Green v. Commissioner,7 T.C. 263 (1946). Finally, although we agree that the Form 1040s in question did not contain any information relating to petitioner's income from which the tax can be computed and, therefore, are not valid returns within the meaning of section 6012 [5] *314 ( Hatfield v. Commissioner,68 T.C. 895, 899 (1977); United States v. Porth,426 F.2d 519, 523 (10th Cir. 1970), cert. denied 400 U.S. 824 (1970)), this fact does not deprive this Court of jurisdiction. In response to an identical argument, this Court stated in Hartman v. Commissioner,65 T.C. 542 (1975): A careful reading of * * * [sec. 6211(a)(1)(A)] reveals the flaw in petitioner's position: the definition is directed at the situation where a return is made by the taxpayer, not to the situation where no return is so made. Section 301-6211-1(a), Proced. & Admin. Regs., fills in the gap and clearly provides that where a taxpayer files no return, the deficiency can be determined as if a return was made showing the amount of tax to be zero. Obviously, the fact that petitioner failed to file a return will not insulate him from a determination by the Commissioner that a tax is due and owing and a civil proceeding based thereon. [65 T.C. at 546.] Petitioner's additional argument that this Court has no jurisdiction to determine additions to tax under sections *315 6651(a) and 6653(a) as no return was filed in equally specious, cf. Hatfield v. Commissioner,supra;Hartman v. Commissioner,supra.
Accordingly, petitioner's motion to dismiss for lack of jurisdiction is denied. Turning next to respondent's motion for summary judgment, a motion for summary judgment shall be granted if the "pleadings, answers to interrogatories, depositions, admissions, and any other acceptable materials, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that a decision may be rendered as a matter of law." Rule 121(b), Tax Court Rules of Practice and Procedure.
In view of petitioner's consistent refusal to submit any information which would contradict respondent's factual determinations, we find that no genuine issue of material fact remains in dispute; therefore, summary judgment is a proper procedure for disposition of this case. [6]
Petitioner's first argument is simply that the Internal Revenue Code is unconstitutional, her basic premise being that Congress was not granted *316 the power under the Constitution to enact the Code. We invite petitioner's attention to Art. 1, sec. 8, of the Constitution which gives Congress the "power to lay and collect taxes," the 16th Amendment to the Constitution which gives Congress the power "to lay and collect taxes on incomes, from whatever source derived, without apportionment," to Brushaber v. Union Pac. R.R.,240 U.S. 1 (1916), and to Penn Mutual Indemnity Co. v. Commissioner,32 T.C. 653 (1959), affd. 277 F.2d 16 (3d Cir. 1960). This reference, we believe, disposes of petitioner's argument. Petitioner next argues that Congress may not use criminal sanctions in a civil case. Apparently, this is in reference to the additions to tax sought by respondent under sections 6651(a) and 6653(a). Without deciding the merits of petitioner's basic premise, we say only that the additions to tax sought in this case are civil sanctions rather than criminal. Spies v. United States,317 U.S. 492 (1943). Thus, petitioner's argument is without merit. Finally, petitioner's constitutional arguments do not constitute reasonable cause for not filing income tax returns and do not relieve her of liability for the negligence additions *317 to tax. Hatfield v. Commissioner,supra; Cupp v. Commissioner,65 T.C. 68 (1975), affd. without opinion 559 F.2d 1207 (3d Cir. 1977). [7]
There being no genuine issue as to any material fact on these issues, respondent's motion is hereby granted. Decision will be entered for the respondent. Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended and in effect in the years at issue, unless otherwise indicated.↩
2. See Collins v. Commissioner,T.C.Memo. 1980-133↩.
3. For the taxable year 1976 sec. 6012(a) provided in part: (a) General Rule.--Returns with respect to income taxes under subtitle A shall be made by the following: (1)(A) Every individual having for the taxable year a gross income of $750 or more, except that a return shall not be required of an individual (other than an individual referred to in section 142(b))-- (i) who is not married (determined by applying section 143), is not a surviving spouse (as defined in section 2(a)), and for the taxable year has a gross income of less than $2,450, For the taxable year 1977, sec. 6012(a) provided in part: (a) General Rule--Returns with respect to income taxes under subtitle A shall be made by the following: (1)(A) Every individual having for the taxable year a gross income of $750 or more, except that a return shall not be required of an individual (other than an individual described in subparagraph (c))-- (i) who is not married (determined by applying section 143), is not a surviving spouse (as defined in section 2(a)), and for the taxable year has a gross income of less than $2,950, ↩
4. If these losses were in fact incurred, it is unfortunate that petitioner chose not to place them in issue by petition or otherwise. Since she elected to put forth no evidence, she cannot now claim that to which she might otherwise be legally entitled.↩
5. We are aware of the Ninth Circuit's recent opinion in United States v. Long,618 F. 2d 74 (9th Cir. May 1, 1980), where it was held that a return containing zeros was a return within the meaning of sec. 7203. But see United States v. Smith,618 F. 2d 280↩ (5th Cir. June 2, 1980). We need not at this time express our opinion as to whether we will follow this result in the future, for now it will suffice to say that this case is distinguishable.
6. A motion to dismiss for failure to properly prosecute is usually resorted to under these circumstances. However, the result would be the same.↩
7. Also see Collins v. Commissioner,supra↩.