ALLMON WILFRED BRYSON, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, RESPONDENT
Bryson v. Commissioner
Docket No. 11657-79.
United States Tax Court
T.C. Memo 1980-331; 1980 Tax Ct. Memo LEXIS 252; 40 T.C.M. (CCH) 1043; T.C.M. (RIA) 80331; August 25, 1980, Filed Allmon Wilfred Bryson, pro se. John F. Eiman and Ben Reeves, for the respondent. DAWSON
MEMORANDUM OPINION DAWSON, Judge: This *253 case was assigned to Special Trial Judge Francis J. Cantrel for the purpose of conducting the hearing and ruling on respondent's motion for summary judgment filed herein. After a review of the record, we agree with and adopt his opinion which is set forth below. [1]
OPINION OF THE SPECIAL TRIAL JUDGE CANTREL, Special Trial Judge: This case is presently before the Court on respondent's motion for summary judgment filed on April 22, 1980, pursuant to *254 Rule 121, Tax Court Rules of Practice and Procedure.[2]
Respondent, in his notice of deficiency issued to petitioner on May 4, 1979, has determined the following deficiency in, and additions to, the petitioner's 1976 income tax: Additions to Tax, 1954 Code
Year
Deficiency
Sec. 6651(a) [3]
Sec. 6653(a)
1976
$1,259.00
$86.78
$62.95
Petitioner resided at 33 Shady Shores, Channelview, Texas, on the date he filed his petition herein. On or about August 6, 1977, petitioner mailed to the Internal Revenue Service Center at Austin, Texas, a Form 1040. That form, which was unsigned, was received at the Service Center on August 11, 1977. The only entries made on that form, consisting of two pages, were petitioner's name, address, social security number, three entries "see addendum", and one final entry "Exhibit A". The addendum, which totals four pages, lists the following separate titles--Occupation, other dependents, income (interest), income (other *255 than wages), income (wages), and tax payments and credits. Under each title appears the following identical language: "I refuse to provide this information on the grounds that this information could be used to incriminate me and subject me to a perjury prosecution, said prosecution to be initiated solely as the result of a subjective interpretation by the Internal Revenue Service." During 1976 petitioner received gross wages of $9,678.33 from Brown and Root, Inc. (Engineers-Constructors) of Houston, Texas, for services performed during that year. On or about January 20, 1977, Brown and Root, Inc., mailed to petitioner a Form W-2 which disclosed thereon that gross wages in the amount shown above were paid to petitioner during 1976. No part of those gross wages were reported on the Form 1040 submitted to the Internal Revenue Service Center by petitioner. While the before mentioned addendum strongly indicates petitioner received additional income in 1976 from interest and income from other than wages, no such income was reported on the submitted Form 1040. [4] The Form 1040 submitted by petitioner did not constitute a valid 1976 Federal income tax return. *256 There is no present criminal investigation being undertaken with respect to petitioner's Federal income tax liability for 1976, and it appears from this record that the possibility of such investigation is remote or unlikely. Rule 34(b) provides in pertinent part that the petition in a deficiency action shall contain "[clear] and concise assignments of each and every error which the petitioner alleges to have been committed by the Commissioner in the determination of the deficiency or liability" and "[clear] and concise lettered statements of the facts on which petitioner bases the assignments of error." No justiciable error has been alleged in the petition or amended petition with respect to the Commissioner's deficiency determinations, and no facts in support of such error are extant in either of those documents. The pleadings were closed upon the filing of respondent's answer on December 26, 1979. Respondent's motion herein being considered has attached thereto a copy of the submitted Form 1040 and attachments, a copy of the notice of deficiency upon which the petition herein is predicated, and two affidavits. As best we can determine from this record, *257 petitioner's argument (which appears on page 4 of Exhibit A attached to the Form 1040) can be summed up as follows: In accordance with my understanding of Garner v. United States (74-100), and my Constitutional rights as a United States citizen, because of the potential criminal liability inherent in disclosing information requested on Form 1040, I respectfully refuse to disclose any such information unless - and until - I am granted complete and total immunity from any subsequent prosecution as a result of any such disclosures. [5] (Footnote added.) On this very point in Hartman v. Commissioner,65 T.C. 542, 547-548 (1975), we stated: Petitioner's request that we grant him immunity is without merit, since jurisdiction to take such action is vested exclusively in the United States District Courts, and then only upon application of a United States attorney. See 18 U.S.C. secs. 6001, et *258 seq. (1970). Similarly, we have no jurisdiction to order the institution of a civil action for declaratory judgment or otherwise by respondent in a District Court. 28 U.S.C. secs. 2201 and 2202. * * * The law is well settled that the requirement that taxpayers file Federal income tax returns in accordance with the provisions of the Internal Revenue Code and respondent's regulations does not violate a taxpayer's priviledge against self incrimination under the Fifth Amendment. Moreover, petitioner was not being investigated criminally for 1976, and there is absolutely no indication in this record that any such investigation is likely. Under the circumstances herein extent, petitioner's Fifth Amendment argument is totally without merit. See Wilkinson v. Commissioner,71 T.C. 633 (1979); Roberts v. Commissioner,62 T.C. 834 (1974); Figueiredo v. Commissioner,54 T.C. 1508 (1970). Section 61(a) defines gross income to mean "* * * all income from whatever source derived, including * * * (1) compensation for services, * * *." Since petitioner received gross income during 1976 far in excess of $750 he was *259 required to file a Federal income tax return for that year. Section 6012. The Form 1040 submitted by petitioner to the Internal Revenue Service Center, which was unsigned and contained no information relating to petitioner's income from which the tax can be computed, is not a valid return within the intendment of section 6012. See Hatfield v. Commissioner,68 T.C. 895, 899 (1977); Cupp v. Commissioner,65 T.C. 68 (1975), affd. without opinion 559 F.2d 1207 (3d Cir. 1977); United States v. Daly,481 F.2d 28 (8th Cir. 1973); United States v. Porth,426 F.2d 519, 523 (10th Cir. 1970), cert. denied 400 U.S. 824 (1970). [6]
*260 Rule 121(b) provides that a motion for summary judgment shall be granted if the "pleadings, answers to interrogatories, depositions, admissions, and any other acceptable materials, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that a decision may be rendered as a matter of law. * * *" In view of petitioner's refusal to submit any information which contradicts respondent's factual determinations, we find that there is no genuine issue as to any material fact present in this record. In such posture, summary judgment is a proper procedure for disposition of this case. Petitioner's Fifth Amendment argument clearly does not constitute reasonable cause for failure to file a 1976 Federal income tax return nor does it relieve him of liability for the negligence addition to the tax. Hatfield v. Commissioner,supra;Cupp v. Commissioner,supra.
There being no genuine issue as to any material fact with respect to the issues before the Court, respondent's motion will be granted. An appropriate order and decision will be entered. Footnotes
1. Since this a pretrial motion and there is no genuine issue of material fact, the Court has concluded that the post-trial procedures of Rule 182, Tax Court Rules of Practice and Procedure↩, are not applicable in these particular circumstances. This conclusion is based on the authority of the "otherwise provided" language of that rule. The parties were afforded a full opportunity to present their views on the law at the hearing at Washington, D.C., on June 11, 1980. Petitioner did not appear nor did he file any response to respondent's motion herein under consideration, albeit a copy thereof together with a copy of respondent's memorandum in support of his motion were served on petitioner by the Court on April 25, 1980.
2. All rule references herein are to the Tax Court Rules of Practice and Procedure.↩
3. All section references are to the Internal Revenue Code of 1954, as amended, unless otherwise indicated.↩
4. Notwithstanding, the only income adjustment determined by respondent in his notice of deficiency was for the unreported wages received by petitioner from Brown and Root, Inc.↩
5. Petitioner's reliance on Garner v. United States,424 U.S. 648 (1976), is misplaced. That was a Federal nontax criminal prosecution involving a Fifth Amendment↩ objection and, hence, not pertinent to this civil proceeding.
6. We observe that the Ninth Circuit recently held in United States v. Long,618 F.2d 74 (9th Cir. 1980), that a return containing zeros in the spaces reserved for entering exemptions, income, tax, and tax withheld, was a return within the meaning of sec. 7203, even if that information was false. Suffice it to say, this case is distinguishable. But see United States v. Smith,618 F.2d 280↩ (5th Cir. 1980), where the court stated at 281, "Smith's 1974 and 1975 'returns' which contained nothing but zeros and constitutional objections, plainly did not even purport to disclose the required information. Smith was thus properly charged with failure to file for those years." Venue on appeal of this case would lie in the Fifth Circuit. Sec. 7482.