SUSAN CAROL MUIR, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent; FREDRIC WOODSON MUIR, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Muir v. Commissioner
Docket Nos. 4972-80, 4973-80.
United States Tax Court
T.C. Memo 1981-171; 1981 Tax Ct. Memo LEXIS 573; 41 T.C.M. (CCH) 1245; T.C.M. (RIA) 81171; April 9, 1981. *573 Held, petitioners' income determined. Held further, additions to tax imposed by respondent sustained. Susan Carol Muir and Fredric Woodson Muir, pro se. Richard G. Patrick, for the respondent. WILES
MEMORANDUM FINDINGS OF FACT AND OPINION WILES, Judge: In these consolidated cases, respondent determined deficiencies in petitioners' 1978 Federal income taxes and imposed additions to tax as follows: Addition to Tax
Petitioner
Docket No.
Deficiency
Sec. 6651(a) [1]
Sec. 6653(a)
Susan Carol Muir
4972-80
$ 3,164.00
$ 562.95
$ 158.20
Fredric Woodson Muir
4973-80
$ 3,164.00
$ 562.95
$ 158.20
The issues for decision are: 1. Whether petitioners had *574 gross income as determined by respondent for 1978. 2. Whether petitioners are liable for additions to tax under section 6651(a) and section 6653(a). FINDINGS OF FACT Some of the facts have been stipulated and are found accordingly. Petitioners Fredric Woodson Muir and Susan Carol Muir, husband and wife, resided in Show Low, Arizona, when they filed their petitions in this case. During the calendar year 1978, petitioners resided in Arizona, a community property state. For the calendar year 1978, Mr. Muir separately filed a Form 1040A (U.S. Individual Income Tax Return) dated April 4, 1979, and a Form 1040 (U.S. Individual Income Tax Return) dated May 1, 1979, with the Internal Revenue Service. Mrs. Muir did not file a tax return for 1978. On April 16, 1979, the Internal Revenue Service received the Form 1040A filed by Mr. Muir for 1978. The Form 1040A was signed by Mr. Muir and stated only his and his spouse's occupation and his name, address, social security number, filing status, and exemptions. Mr. Muir refused to provide any further information on the Form 1040A, asserting the privilege against self-incrimination. By a letter dated April 27, 1979, the Internal *575 Revenue Service informed Mr. Muir that the Form 1040A he had filed was not acceptable as an income tax return. Thereafter, the Internal Revenue Service received the Form 1040 filed by Mr. Muir for 1978. The Form 1040 was signed by Mr. Muir and stated his name, address, social security number, occupation, filing status, and exemptions. The spaces provided for information regarding Mr. Muir's income and expenses contained the word "None" or asserted his privilege against self-incrimination. Mr. Muir refused to provide any information regarding his wages, salaries, tips, and other employee compensation, total income, adjusted gross income, and taxable income. Attached to the Form 1040 was a statement that set forth in detail Mr. Muir's Fifth Amendment objections to providing the requested information. Respondent sent separate notices of deficiencies to Mr. and Mrs. Muir. In those notices, respondent determined that Mr. and Mrs. Muir had gross income for 1978 of $ 15,368.60 and $ 15,368.59, respectively, attributable to wages received by Mr. Muir. Although respondent did not assert that Mrs. Muir was gainfully employed during 1978, he determined that she had gross income equivalent *576 to her one-half share of the community income received by her husband. Furthermore, respondent determined that neither petitioner had filed an income tax return for 1978. Finally, respondent determined deficiencies, using the married filing separate returns tax rates, and imposed additions to tax under section 6651(a) and section 6653(a) as set forth at the outset of this opinion. OPINION Issue 1: Gross Income
During the trial of the instant case, petitioner refused to offer any evidence to rebut respondent's determination of their gross income, baldly claiming the Fifth Amendment privilege against self-incrimination. While petitioners were told that they had the burden of proof, they politely informed the Court that it was in error. The record, however, fails to even suggest that petitioners had any legitimate basis for their Fifth Amendment claim. In these circumstances, a claim of the privilege against self-incrimination does not relieve petitioners of their burden of proof. Wilkinson v. Commissioner, 71 T.C. 633, 638 (1979); Roberts v. Commissioner, 62 T.C. 834, 838 (1974). Accordingly, since petitioners have failed to meet their *577 burden of proof, we must sustain respondent's determination of their gross income. Issue 2: Additions to Tax
Respondent imposed additions to tax under section 6651(a) and section 6653(a) against petitioners for 1978. Section 6651(a) imposes an addition to tax for failure to timely file a return unless the taxpayer shows that such failure was due to reasonable cause and not willful neglect. Section 6653(a) imposes an addition to tax if any part of an underpayment of tax is due to negligence or intentional disregard of rules and regulations. We have found as a fact that Mrs. Muir did not file a tax return for 1978. In addition, respondent maintains that neither the Form 1040A nor the Form 1040 filed by Mr. Muir for 1978 was an income tax return within the meaning of the Internal Revenue Code and, therefore, he too has failed to timely file a return for that year. We agree. It is clear that a document filed as a return will not constitute a "valid return" unless it contains sufficient information from which respondent can compute and assess a tax liability. Commissioner v. Lane-Wells Co., 321 U.S. 219 (1944); Hatfield v. Commissioner, 68 T.C. 895, 898 (1977); *578 Cupp v. Commissioner, 65 T.C. 68, 79 (1975), affd. without opinion 559 F. 2d 1207 (3d Cir. 1977). This Court has held that a return within the meaning of the statute must "state specifically the amounts of gross income and the deductions and credits claimed." Conforte v. Commissioner, 74 T.C. 1160, 1195 (1980). See also Sanders v. Commissioner, 21 T.C. 1012, 1018 (1954), affd. 225 F. 2d 629 (10th Cir. 1955). In the instant case, the documents that Mr. Muir filed with the Internal Revenue Service did not contain sufficient information to constitute valid returns. See Cupp v. Commissioner, supra.
Nevertheless, Mr. Muir insists that under the Fifth Amendment he had the right to refuse to provide the requested information. We disagree. First, there is no indication that Mr. Muir had the requisite reasonable basis for claiming the privilege in response to the questions on the Form 1040. See Hoffman v. United States, 341 U.S. 479, 486 (1951); Marchetti v. United States, 390 U.S. 39, 48 (1968). Indeed, it clearly appears that Mr. Muir's claim of the privilege *579 was wholly frivolous. Second, Mr. Muir's alleged returns, in fact, represent blanket refusals to supply any information regarding his income and expenses. See United States v. Daly, 481 F. 2d 28, 30 (8th Cir. 1973); Conforte v. Commissioner,supra at 1195-1196; Cupp v. Commissioner, supra at 79-84. It is well settled that the requirement that taxpayers file income tax returns in accordance with the provisions of the Internal Revenue Code and respondent's regulations does not violate a taxpayer's privilege against self-incrimination under the Fifth Amendment. White v. Commissioner, 72 T.C. 1126, 1130 (1979); Cupp v. Commissioner, supra at 79. See also United States v. Sullivan,274 U.S. 259 (1927). Accordingly, we hold that Mr. Muir did not file an income tax return for 1978. The holding in United States v. Long, 618 F. 2d 74 (9th Cir. 1980), does not require a different result under our rule established in Golsen v. Commissioner, 54 T.C. 742 (1970), affd. 445 F. 2d 985 (10th Cir. 1971), cert. denied 404 U.S. 940 (1971). *580 In Long, the Court of Appeals for the Ninth Circuit, to which an appeal from our decision lies, held that Form 1040's on which the taxpayer had inserted zeros in the spaces provided with respect to income (i.e., Gross Income, Adjusted Gross Income, and Taxable Income) constituted valid returns. In the opinion of the Ninth Circuit, the Form 1040's in issue therein were returns because they were not blank, but instead provided information, albeit false, in the form of zeros from which some computation of the tax liability was possible. Compare United States v. Smith, 618 F. 2d 280 (5th Cir. 1980). Herein, however, the documents filed as returns did not even provide sufficient false information to make any such computation. Neither of the alleged returns provided a figure for gross income, adjusted gross income, or taxable income -- not even a zero. See Conforte v. Commissioner, supra at 1196-1197. Petitioners had the burden of proving that they were not liable for the additions to tax imposed by respondent. Bagur v. Commissioner, 66 T.C. 817, 823-824 (1976), remanded on other grounds 603 F. 2d 491 (5th Cir. 1979); *581 Enoch v. Commissioner, 57 T.C. 781, 802 (1972). Petitioners, however, offered no evidence to prove that (1) their failure to timely file tax returns was due to reasonable cause; or (2) no part of the underpayment of their taxes was due to negligence or intentional disregarded of rules and regulations. Accordingly, we must sustain respondent's imposition of the additions to tax. To reflect the foregoing, Decisions will be entered for the respondent. Footnotes
1. All statutory references are to the Internal Revenue Code of 1954, as amended.↩