UNITED STATES of America,
Plaintiff-Appellee,

v.

Morris Reid SMITH, Jr.,
Defendant-Appellant.

No. 79–5309.

United States Court of Appeals,
Fifth Circuit.

June 2, 1980.

Raymond C. Caballero, El Paso, Tex. (Court-appointed on appeal only) for defendant-appellant.

Jamie C. Boyd, U. S. Atty., LeRoy Morgan Jahn, Asst. U. S. Atty., San Antonio, Tex., for plaintiff-appellee.

Before DYER, RUBIN and POLITZ, Circuit Judges.

PER CURIAM:

Believing the federal income tax to be immoral and unconstitutional, Smith expressed his displeasure by filing two forms 1040 containing zeros on every line, falsely claiming nineteen withholding exemptions on two forms W–4, and signing a form W–4E by which he falsely swore to the nonexistence of taxable income in the preceding year. Smith was indicted and, following a trial by jury, convicted of two counts of violating I.R.C. § 7203 (relating to the form 1040) and three counts of violating I.R.C. § 7205 (relating to the forms W–4 and W–4E). The district court sentenced him to two years imprisonment plus five years special parole. Smith appeals, urging reversal on a number of grounds.

The indictment charged Smith with failing to file returns for the years 1974 and 1975. I.R.C. § 7203. Smith argues that he did indeed file returns, and that the facts show only that the information contained therein was untrue. This argument is foreclosed by our prior decisions. The bare act of filing a form 1040 does not constitute a tax "return" under section 7203. *See United States v. Radue,* 486 F.2d 220, 222 (5th Cir. 1973) (per curiam), *cert. denied,* 416 U.S. 908, 94 S.Ct. 1615, 40 L.Ed.2d 113 (1974). The statute requires disclosure of "information relating to the taxpayer's income from which the tax can be computed." *United States v. Porth,* 426 F.2d 519, 523 (10th Cir. 1970), *cert. denied,* 400 U.S. 824, 91 S.Ct. 47, 27 L.Ed.2d 53 (1970). Smith's 1974 and 1975 "returns" which contained nothing but zeros and constitutional objections, plainly did not even purport to disclose the required information. Smith was thus properly charged with failure to file for those years.

Contending that Count one of the indictment charged Smith with failure "to supply information," 26 U.S.C.A. § 7203, he argues that the charge is barred by the general three year statute of limitations, 26

U.S.C.A. § 6531. He points out that the only exceptions to the three year period are willfully failing to file and willfully failing to pay, for which the limitation period is six years.

We agree with Smith's construction of the statute, but we disagree with his reading of Count one of the indictment. While the language employed is inartfully drawn the count can only be read to charge Smith with willfully and knowingly failing to make an income tax return by failing to supply the information called for on form 1040. This offense falls within the six year exception to the general three year statute of limitations. *See United States v. Porth, supra.*

■ The district court charged the jury that "[i]t is not a defense to the charges that the failure to furnish information required by the Internal Revenue Law as passed by Congress was done for the purpose of protesting Government policies, even if it is done in good faith." Smith argues that this charge was inconsistent with the statutory requirement that violations of sections 7203 and 7205 be "willful". We disagree. To be "willful" within the meaning of sections 7203 and 7205 the violation must be committed "purposefully . . . with an awareness of the action and not just negligently or inadvertently . . . [T]his concept is simply one which excuses a *negligent* failure to [comply] . . . ." *United States v. Douglass,* 476 F.2d 260, 263 (5th Cir. 1973) (emphasis in the original). The district court's charge properly instructed the jury that knowing noncompliance with the dictates of sections 7203 and 7205 is not saved by "good" motives.

■ Smith's parole term was granted on the condition that he "divorce [himself] from any organization advocating the willful disobedience of any local, state or federal law and . . . refrain from making any statements to others advocating any disobedience of any local, state or federal law." Smith argues that this condition infringes his first amendment rights. *Cf. Yates v. United States,* 354 U.S. 298, 77

S.Ct. 1064, 1 L.Ed.2d 1356 (1957). The question here is whether the condition is "reasonably related to the rehabilitation of the probationer." *United States v. Tonry,* 605 F.2d 144, 147 (5th Cir. 1979). The existence of such a relation must be ascertained in light of "(1) the purposes sought to be served by probation; (2) the extent to which constitutional rights enjoyed by law-abiding citizens should be accorded to probationers; and (3) the legitimate needs of law enforcement." *Tonry,* 605 F.2d at 150, quoting *United States v. Pierce,* 561 F.2d 735 (9th Cir. 1977), *cert. denied,* 435 U.S. 923, 98 S.Ct. 1486, 55 L.Ed.2d 516 (1978). The district court exceeded its discretion in this case. Although we see no intrinsic infirmity in a parole condition which proscribes "the inducing of others to violate the law," *Porth v. Templar,* 453 F.2d 330, 334 (10th Cir. 1971) or associating with persons who do, *cf. United States v. Smith,* 414 F.2d 630, 636 (5th Cir. 1969), *rev'd on other grounds sub nom. Schacht v. United States,* 398 U.S. 58, 90 S.Ct. 1555, 26 L.Ed.2d 44 (1970), in this case, even though Smith's convictions were all for tax offenses, his parole condition extended to advocacy concerning disobedience of *any* law. So broad a restriction is not "reasonably related" to inhibiting income tax rebellion.

We have considered Smith's other claimed grounds for reversal and find them without merit.

The conviction is affirmed and the sentence is modified by striking the phrase "any local, state, or federal law" and substituting therefor "the Internal Revenue Code." *United States v. Jimenez,* 600 F.2d 1172, 1175 (5th Cir. 1979).