**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**Charles W. PILCHER,**
**Defendant-Appellant.**

No. 81–8004.

United States Court of Appeals,
Eleventh Circuit.

April 5, 1982.

Harold A. Miller, III, Decatur, Ga., for defendant-appellant.

William P. Gaffney, Asst. U. S. Atty., Atlanta, Ga., for plaintiff-appellee.

Before RONEY and KRAVITCH, Circuit Judges, and PITTMAN *, District Judge.

RONEY, Circuit Judge:

After testifying in his own defense during his trial for willful failure to file income tax returns, defendant Charles W. Pilcher refused to answer certain questions on cross-examination, claiming Fifth Amendment protection. He was held in civil contempt and ordered imprisoned with a $500 daily fine until he agreed to answer the questions, or the jury brought in a verdict. The trial was suspended pending this appeal. Defendant has been released on a personal recognizance bond. We affirm the contempt citation and remand the case for further proceedings.

Defendant is a so-called "tax protester" and filed "Fifth Amendment based" income tax returns for 1977 and 1978, which contained no financial information. He was prosecuted for willful failure to file income tax returns for 1977 and 1978 in violation of 26 U.S.C.A. § 7203. At his jury trial, the defendant testified in his own behalf after the Government rested its case. He stated that in late 1975 he began attending meetings and seminars on taxes and tax forms featuring speakers such as Marvin Cooley. Based upon the information received at

* Honorable Virgil Pittman, U. S. District Judge for the Southern District of Alabama, sitting by designation.

these meetings, his understanding of several cases, and the legal advice of a disbarred attorney, defendant stated he filed "no information" returns because he feared incrimination for nontax crimes.

On cross-examination, the Government pursued two lines of inquiry to which the defendant refused to respond on the grounds that the questions exceeded the scope of direct testimony and that he was protected from answering under the Fifth Amendment privilege against self-incrimination. After establishing that the defendant had filed presumably proper returns reporting income for 1973, 1974 and 1975, the Government sought to question him about his 1976 W–4 form in which he claimed 19 allowances. The W–4 form governs the amount of income tax withheld by the employer, and defendant's claim of 19 allowances resulted in no income tax withheld. The Government further sought to question defendant about his 1977 and 1978 returns on a line by line basis to elicit the precise nature of his fear that showing dollar amounts of income on the returns would incriminate him.

■■■ The law is reasonably clear. Every income earner is required to file an income tax return. 26 U.S.C.A. § 7203. A taxpayer cannot assert a Fifth Amendment privilege against compulsory self-incrimination to justify the failure to file any return at all. *United States v. Sullivan,* 274 U.S. 259, 47 S.Ct. 607, 71 L.Ed. 1037 (1927). Protest documents duplicating in part U. S. individual income tax return form 1040's but containing no financial data are not tax "returns" for the purposes of section 7203. *United States v. Booher,* 641 F.2d 218, 219 (5th Cir. 1981); *United States v. Smith,* 618 F.2d 280, 281 (5th Cir. 1980); *United States v. Johnson,* 577 F.2d 1304, 1311 (5th Cir. 1978).[1] Although the source of income might be privileged, the amount must be reported. *United States v. Wade,* 585 F.2d 573, 574 (5th Cir. 1978), *cert. denied,* 440 U.S. 928, 99 S.Ct. 1264, 59 L.Ed.2d 484 (1979). The failure to provide amounts on

income tax returns cannot be justified out of a political disagreement with the tax laws or in protest against the policies of the Government. *United States v. Smith,* 618 F.2d 280, 282 (5th Cir. 1980).

■■ On the other hand, a good faith claim of privilege against self-incrimination, although erroneous, is a defense to the element of willfulness which is necessary for a conviction for willful failure to file under 26 U.S.C.A. § 7203. *Garner v. United States,* 424 U.S. 648, 663 n.18, 96 S.Ct. 1178, 1187 n.18, 47 L.Ed.2d 370 (1976); *United States v. Johnson,* 577 F.2d at 1311.

Having failed to provide the amounts of income on his returns, defendant's chance to escape conviction depended upon his demonstrating he had a good faith belief that he need not file returns with the amounts shown, or, in terms of prosecution, his acquittal depended upon the Government's failing to prove willfulness.

When defendant took the stand, his attorney's opening question on direct examination was: "Can you explain to the jury why you have taken the Fifth Amendment as to the amount of income on your tax returns?" Defendant's response, outlining his reasons for asserting the privilege on his tax returns, went to the issues of good faith and willfulness.

■■■ Although defendant could have relied on the Government's inability to prove willfulness rather than testify on the issue, once he took the stand voluntarily to testify in his own behalf, he waived the Fifth Amendment privilege to refuse to answer questions properly within the scope of cross-examination under Rule 611(b) of the Federal Rules of Evidence. *Brown v. United States,* 356 U.S. 148, 78 S.Ct. 622, 2 L.Ed.2d 589 (1958). Under this rule a witness may be cross-examined as to matters "reasonably related" to the subject matter of the direct examination and matters affecting credibility. *McGautha v. California,* 402 U.S. 183, 215, 91 S.Ct. 1454, 1471, 28 L.Ed.2d 711 (1971); *United States v. Her-*

---

1. The Eleventh Circuit, in the en banc decision of *Bonner v. Prichard,* 661 F.2d 1206 (11th Cir. 1981), adopted as precedent the decisions of the former Fifth Circuit.

*nandez*, 646 F.2d 970, 978–79 (5th Cir. 1981). Cross-examination cannot be restricted by merely asserting that the response may be incriminating with respect to an uncharged offense. *Johnson v. United States*, 318 U.S. 189, 63 S.Ct. 549, 87 L.Ed. 704 (1943); *United States v. Hernandez*, 646 F.2d at 979; *United States v. Beechum*, 582 F.2d 898, 908 (5th Cir. 1978).

▪ With these principles in mind, we affirm the district court's order requiring defendant to answer and holding him in civil contempt upon refusal. Defendant's testimony related to whether he had a good faith though erroneous belief that his refusal to furnish the amounts of income on his income tax returns was protected by the Fifth Amendment. The Government was therefore entitled to inquire as to the specific basis of that belief by questioning the defendant about specific income lines on his 1040 forms for 1977 and 1978. The questions asked by the Government on cross-examination go to the heart of this litigation.

If sustained, defendant's position would create a paradox. He would be permitted to make conclusory statements as to his good faith and thereafter escape questioning as to the exact basis of his claim by asserting the Fifth Amendment privilege in front of the jury. A reasonable jury would necessarily infer from the trial court's sustaining the privilege that the Fifth Amendment claim must have been in good faith.

Although defendant did not refer specifically to the W–4 form on direct examination, it is clearly related to the income tax returns which were a proper subject of cross-examination. In any event, the claiming of 19 allowances by the defendant, who apparently remained unmarried throughout the period of this case and had not previously claimed entitlement to exemptions and allowances, is relevant to his testimony of good faith in failing to file proper income tax returns. If the 19 allowances were properly claimed, he could so testify and bolster his claim of good faith. If they were not, both his good faith and his credibility would be affected.

The defendant suggests that the order of fine, imprisonment and suspension of the jury trial were inappropriate remedies. He argues the court could have held him in criminal contempt at the conclusion of trial and permitted the prosecutor to argue to the jury the fact of his refusal to answer. Remedies for civil contempt are reviewed under the abuse of discretion standard. Confinement for civil contempt, of course, can continue only "until such time as the witness is willing to give testimony," but the period of confinement cannot exceed the life of the court proceedings. 28 U.S. C.A. § 1826. The district court recognized this in her oral decision that "the defendant be incarcerated until he agrees to testify or until there is a jury determination of this matter, whichever shall first occur." The magistrate before whom this case was being tried suspended the trial until the district court could rule, and the suspension was continued pending this appeal. Although it was argued that the magistrate had permanently suspended the trial until defendant testified, we do not interpret the order to provide that obviously improper sanction. Now that the matter has been legally settled, the jury trial may continue.

Since the defendant was ordered released pending this appeal by a judge of this Court, we hereby rescind that order effective at the earliest time the trial proceedings reach a point where the defendant may purge himself of the contempt citation. At that time the full sanctions of the district court order shall be effective. We affirm the district court's finding of civil contempt and the sanctions imposed. Whether the trial can now be continued without a mistrial, what action the district court could or should take in the event of defendant's continued refusal to testify, and all other questions that might relate to trial proceedings are in no way addressed by this decision.

AFFIRMED WITH DIRECTIONS.