ROBERT C. CROCKER, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Crocker v. Commissioner
Docket No. 4358-80.
United States Tax Court
T.C. Memo 1982-665; 1982 Tax Ct. Memo LEXIS 78; 45 T.C.M. (CCH) 132; T.C.M. (RIA) 82665; November 18, 1982. Robert C. Crocker, pro se. Randy G. Durfee, for the respondent. DAWSON
MEMORANDUM OPINION DAWSON, Judge: This case is before us on respondent's motion for summary judgment. A hearing thereon was held at Helena, Montana, on October 4, 1982. Petitioner and the attorney who then represented him were present and opposed respondent's motion. On January 9, 1980, respondent mailed a notice of deficiency to petitioner in which he determined Federal income tax deficiencies and additions to tax as follows: Additions to Tax
Year
Deficiency
Sec. 6651(a)
Sec. 6653(a)
Sec. 6654 [1]
1975
$7,699.90
$1,924.98
$385.00
$207.68
1976
3,659.45
914.86
182.97
136.28
1977
2,444.08
611.02
122.20
87.01
*79 The petitioner filed a timely petition and respondent answered it. Petitioner resided in Choteau, Montana, when his petition was filed in this case. Respondent subsequently sent a letter to petitioner's then counsel of record inviting him and petitioner to an informal discovery conference scheduled for February 11, 1982. Neither petitioner nor his counsel attended the conference or otherwise communicated with respondent's counsel. On March 17, 1982, the respondent served upon petitioner's counsel Request for Admissions, Interrogatories, and a Request for Production of Documents. Neither petitioner nor his counsel timely responded to Respondent's Request for Admissions, Interrogatories or Request for Production of Documents. On May 24, 1982, respondent filed with the Court a Motion for Order Compelling the Petitioner to Produce Documents or to Impose Sanctions Under Rule 104. [2] On May 24, 1982, the motion was granted and the Court ordered petitioner to produce the requested documents. *80 The petitioner has failed to fully comply with respondent's request in that he has not produced the documents requested in paragraphs 3 and 4 of Respondent's Request for Production of Documents. Petitioner's only assignment of error in his petition reads as follows: The petitioner has transferred all his possessions, assets and income into a foreign created trust, therefore, any liability, if any, would be that of the trust. Certain "trust documents" purporting to make the abovementioned transfer were obtained pursuant to the Court's order to produce documents. These documents purport to create three trusts into which $50, $100, and $150, respectively, were allegedly transferred. The trusts were allegedly created and the transfers made thereto on November 15, 1977. Other "trust documents" purported to create three trusts into which petitioner allegedly transferred all or substantially all of his personal and business assets. These trusts were allegedly created and the transfers made thereto on November 25, 1978. On March 17, 1982, respondent served upon petitioner a Request for Admissions together with pertinent exhibits. On April 16, 1982, 30 days after service *81 upon him of Respondent's Request for Admissions, petitioner had not answered such request. Petitioner's failure to answer continued up to the date of trial. One of the issues in this case is whether or not respondent's determination of income, credits, deductions, expenses and exemptions, as set out in the notice of deficiency, are correct. Paragraphs 7, 8, and 9 of Respondent's Request for Admissions read as follows: 7. The petitioner has no records to establish that for the taxable years 1975, 1976 and 1977 the cost of goods which he sold were in excess of the amounts asserted in the statutory notice of deficiency.
8. The petitioner has no records to establish that for the taxable years 1975, 1976 and 1977 he had credits, deductions, exemptions or expenses in excess of the amounts asserted in the statutory notice of deficiency. 9. The petitioner has no records to establish that for the taxable years 1975, 1976 and 1977 his income was less than the amounts asserted in the statutory notice of deficiency. Another issue in this case is whether or not petitioner is liable for the additions to tax under sections 6651(a), 6653(a), and 6654.Paragraphs 3, 4, 5, and 6 of Respondent's *82 Request for Admissions read as follows: 3. On March 11, 1975, the petitioner filed a Form 1040 for the taxable year 1974 with the Internal Revenue Service a true and correct copy of which is attached hereto as Exhibit A. 4. On June 24, 1977, the petitioner filed a Form 1040 for the taxable year 1975 with the Internal Revenue Service a true and correct copy of which is attached hereto as Exhibit B. 5. On April 14, 1978, the petitioner filed a Form 1040 for the taxable year 1977 with the Internal Revenue Service a true and correct copy of which is attached hereto as Exhibit C. 6. The petitioner filed no Form 1040 for the taxable year 1976. In his petition it is alleged that petitioner is not liable for any of the deficiencies or additions thereto asserted for the taxable years 1975, 1976 and 1977 because of a purported transfer to a foreign trust. Paragraphs 11, 12, and 13 of Respondent's Request for Admissions read as follows: 11. The petitioner's "transfer" of assets into a foreign trust was motivated solely by his attempt to avoid payment of debts including Federal Income Taxes. 12. The petitioner never made a transfer of any assets to any foreign trust. *83 13. The petitioner has control custody or possession of all the assets which were allegedly transferred into a foreign trust. Petitioner has denied none of the admissions set forth in Respondent's Request for Admissions, which was properly served under Rule 21(b). Therefore, pursuant to Rule 90(c), each statement of fact encompassed by the request for admissions is deemed admitted for the purposes of this case. Thus there is no material issue of fact remaining with respect to any of the issues herein. Freedson v. Commissioner,65 T.C. 333 (1975), affd. 565 F.2d 954 (5th Cir. 1978). See also McKinnon v. Commissioner,T.C. Memo. 1982-229; Oaks v. Commissioner,T.C. Memo. 1981-605; Wallace v. Commissioner,T.C. Memo. 1981-274; Myers v. Commissioner,T.C. Memo. 1980-549; Edelson v. Commissioner,T.C. Memo. 1979-431; Saba v. Commissioner,T.C. Memo. 1979-397; Bassett v. Commissioner,T.C. Memo. 1979-14; Rules 90(c) and (e). [3]
*84 Accordingly, we sustain respondent's determination with respect to the deficiencies for the years 1975 through 1977. As to the additions to tax, respondent's requests for admissions 4 and 5 and the exhibits pertaining thereto, which have been deemed admitted, show that the petitioner filed "protest type" Fifth Amendment income tax forms for the years 1975 and 1977 on which he reported no income and gave no information as to credits expenses or deductions. Such forms do not constitute "returns" for purposes of the Internal Revenue Code. United States v. Smith,618 F.2d 280 (5th Cir. 1980); Jarvis v. Commissioner,78 T.C. 646, 653-655 (1982), and cases cited therein. For the year 1976 the petitioner filed no Form 1040. Consequently, we sustain respondent's determination that the petitioner is liable in each of the years 1975 through 1977 for the additions to tax imposed by section 6651(a) for failure to file timely returns, section 6653(a) for negligence or intentional disregard of rules and regulations, and section 6654 for failure to pay estimated income tax. We conclude that respondent's motion for summary judgment should be granted in *85 all respects. An order and decision will be entered.
Footnotes
1. All section references herein are to the Internal Revenue Code of 1954, as amended and in effect during the years in issue, unless otherwise indicated.↩
2. All rule references herein are to the Tax Court Rules of Practice and Procedure.↩
3. We note that, even if the trusts were valid, three of them had nothing but small amounts of cash which were purportedly transferred thereto on November 15, 1977; and three were purportedly created on November 25, 1978, which was after↩ the tax years involved in this case.