ALTON M. PARKER, SR., Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Parker v. Commissioner
Docket No. 18728-81.
United States Tax Court
T.C. Memo 1983-75; 1983 Tax Ct. Memo LEXIS 724; 45 T.C.M. (CCH) 673; T.C.M. (RIA) 83075; February 2, 1983. Joe Alfred Izen, Jr., for the petitioner. David W. Johnson, for the respondent. WILES
MEMORANDUM OPINION WILES, Judge: Respondent determined the following deficiency in, and additions to, petitioner's Federal income tax: Additions to Tax
Year
Deficiency
Sec. 6651(a) [1]
Sec. 6653(a)
Sec. 6654
1977
$14,250.04
$3,423.37
$712.50
$483.00
After concessions, [2] the issues for decision are: (1) whether petitioner has established that he is entitled to deductions for rental losses and medical expenses in excess of the amounts allowed by respondent; and (2) whether petitioner is liable for the section 6653(a) addition to tax for negligence. *725 Some of the facts have been deemed admitted pursuant to Rule 90. [3]
Petitioner resided in Mission, Texas, when he filed both his petition and amended petition herein. During 1977, petitioner was employed as a pilot by Putz Aerial Service, Inc. (hereinafter Putz) and received wages in the amount of $40,114.97 therefrom. All of petitioner's business expenses with respect to his employment as a pilot were paid for by Putz. During 1977, petitioner had pension income from the United States Air Force in the amount of $5,569.06, and a long-term capital gain in the amount of $1,112.55. On or about February 15, 1977, petitioner sold some rental property which he had purchased prior to January 1 of such year. Petitioner maintained no records with respect to the costs, if any, which he incurred in connection with such rental property. On or about April 14, 1978 and December 30, 1979, petitioner submitted for filing with the Internal Revenue Service *726 Center, Austin, Texas, Forms 1040 and 1040X, respectively, for his 1977 taxable year. In addition to containing petitioner's name, address, social security number, and signature, those forms contained nothing but asterisks, the words "NONE," or the words "OBJECT SELF INCRIMINATION" in all of the spaces provided for the listing of income and expense information. Attached to the Form 1040X which petitioner filed on December 30, 1979, are several excerpts from court cases and other materials with respect to an individual's Fifth Amendment privilege against self-incrimination. For his 1974, 1975, and 1976 taxable years, petitioner filed valid Federal income tax returns with the Internal Revenue Service Center, Austin, Texas, on which he reported as income, inter alia, his wages from Putz and amounts received from his Air Force pension. Petitioner's returns for 1974, 1975, and 1976 were all filed prior to the dates on which petitioner submitted his "protester" Forms 1040 and 1040X to the Internal Revenue Service for his 1977 taxable year. In the notice of deficiency, respondent determined that petitioner had unreported wages, pension, and long-term capital gain income in the amounts *727 of $40,114.97, $5,569.06, and $1,112.55, respectively, during 1977. Respondent further determined that petitioner was entitled to a rental loss and excess itemized deductions [4] in the amount of $126.25 and $902.57, respectively. Taking into account the foregoing income and deduction amounts, and allowing petitioner one personal exemption, respondent determined that petitioner had unreported taxable income in the amount of $45,017.76 for 1977. Using the tax rates for a single person, respondent determined the aforementioned deficiency. Finally, respondent determined that the Forms 1040 and 1040X which petitioner submitted to the Internal Revenue Service for his 1977 taxable year did not constitute a return and, accordingly, respondent determined that petitioner was liable for the aforementioned additions to tax. As we stated in footnote 2, petitioner has conceded all of respondent's determinations, except the ones relating *728 to the amounts of petitioner's rental losses and medical expenses for 1977, and the negligence addition to tax. Petitioner maintains that he is entitled to larger deductions for rental losses and medical expenses than those determined by respondent. At trial, petitioner offered the following testimony with respect to his alleged rental losses and medical expenses: I have no idea what * * * [the rental property] cost me [to repair]. I paid medical expenses, but I can't tell you what amounts at this time. This testimony, which is representative of the inadequate record established by petitioner with respect to his alleged rental losses and medical expenses during 1977, leads us to the unavoidable conclusion that petitioner has failed to carry his burden of proof on those issues. See Welch v. Helvering,290 U.S. 111 (1933); Rule 142(a). The section 6653(a) addition to tax is imposed if any part of the underpayment of tax is due to negligence or intentional disregard of the rules or regulations. As with the underlying deficiency, the taxpayer has the burden of proving that he is not liable for such addition to tax. See Estate of Campbell v. Commissioner,56 T.C. 1, 14 (1971). *729 On the record before us, we hold that petitioner has not carried his burden of proof for several reasons. First, petitioner knew that he was required to report and pay taxes on his wages from Putz and his Air Force pension income. He had reported his income from those sources on his returns for 1974, 1975, and 1976. The Forms 1040 and 1040X which petitioner submitted to the Internal Revenue Service for 1977, containing no information upon which respondent could compute petitioner's income tax liability, were clearly not valid returns. See United States v. Neff,615 F. 2d 1235 (9th Cir. 1980), cert. denied 447 U.S. 925 (1980); United States v. Smith,618 F. 2d 280 (5th Cir. 1980); United States v. Daly,481 F. 2d 28 (8th Cir. 1973), cert. denied 414 U.S. 1064 (1973); United States v. Porth,426 F. 2d 519 (10 Cir. 1970), cert denied 400 U.S. 824 (1970); Cupp v. Commissioner,65 T.C. 68, 79, 84 (1975), affd. 559 F. 2d 1207 (3d Cir. 1977); Jarvis v. Commissioner,78 T.C. 646, 653-655 (1982); and Reiff v. Commissioner,77 T.C. 1169, 1177 (1981). *730 Petitioner testified that he had read court opinions and other materials with respect to taxpayers' obligations to file returns. In light of the numerous cases which hold that an income tax return is not filed by a taxpayer who submits a Form 1040 which contains nothing but asterisks, the word "NONE," or the words "OBJECT SELF INCRIMINATION" in the spaces provided for income and expense information, we do not think that petitioner, upon reading opinions in this area, could have reasonably believed that the forms which he submitted to the Internal Revenue Service were in compliance with the rules and regulations of the Internal Revenue Code (hereinafter the Code). Moreover, the fact that petitioner submitted valid returns for prior years, casts doubt on his claim that he thought his Forms 1040 and 1040X for 1977 were in compliance with the Code. Furthermore, we find petitioner's general Fifth Amendment claims on such documents to be without merit and we are not convinced that a person possessing petitioner's intelligence could have reasonably believed that such claims were properly asserted. See Garner v. United States,424 U.S. 648 (1976); James v. United States,366 U.S. 213 (1961); *731 United States v. Sullivan,274 U.S. 259 (1927); Heligman v. United States,407 F. 2d 448, 450-451 (8th Cir. 1969). To reflect the foregoing, Decision will be entered for the respondent.
Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended.↩
2. At trial, petitioner conceded that he had unreported income from wages, a United States Air Force pension (conceded to be fully taxable), and a long-term capital gain in the amounts of $40,114.97, $5,569.06, and $1,112.55, respectively, during 1977. Petitioner also conceded the additions to tax determined by respondent, except the negligence addition (i.e., sec. 6653(a)).↩
3. Unless otherwise indicated, any reference to Rules shall be deemed to refer to the Tax Court Rules of Practice and Procedure. Petitioner has failed to cooperate with respondent with respect to entering into a stipulation of facts.↩
4. In computing petitioner's excess itemized deductions respondent had to first determine petitioner's total itemized deductions. See sec. 63(c) and (f). In calculating petitioner's total itemized deductions, respondent included $150 for medical expenses.↩