STANLEY KRAUSE, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Krause v. Commissioner
Docket No. 11006-82.
United States Tax Court
T.C. Memo 1983-517; 1983 Tax Ct. Memo LEXIS 273; 46 T.C.M. (CCH) 1192; T.C.M. (RIA) 83517; August 23, 1983. Stanley Krause, pro se. James P. Clancy, for the respondent. DRENNEN
MEMORANDUM FINDINGS OF FACT AND OPINION DRENNEN, Judge: This case was assigned to and heard by Special Trial Judge Fred S. Gilbert, Jr., pursuant to the provisions of section 7456(c) of the Internal Revenue Code[1] and Rules 180 and 181, Tax Court Rules of Practice and Procedure.[2] The Court agrees with and adopts his opinion which *274 is set forth below. OPINION OF THE SPECIAL TRIAL JUDGE GILBERT, Special Trial Judge: Respondent determined a deficiency in petitioner's 1978 Federal income tax in the amount of $3,164. Respondent also determined additions to tax under sections 6651(a) and 6653(a) in the amounts of $248 and $158, respectively. The issues for consideration are: (1) Whether petitioner failed to report and pay taxes on certain wages and interest received during 1978; and (2) whether petitioner is liable for additions to tax under sections 6651(a) and 6653(a). Most of the facts have been stipulated and are found accordingly. On or before April 15, 1979, petitioner filed a Form 1040A, which he alleged to be a proper Federal income tax return for the year 1978. The return contained no information, however, other than his name, address, and social *275 security number. On the lines provided for information relating to income and other items necessary to compute the tax due, asterisks were inserted. At the top of the form, petitioner stated that he specifically objected to the questions on the grounds of the First, Fourth, Fifth, Seventh, Ninth, Tenth, Thirteenth, and Fourteenth Amendments to the Constitution of the United States. Several court decisions were listed on the back of the form in an attempt to support his position. In the statutory notice of deficiency, respondent asserted that petitioner had failed to report wages of $15,366 and interest income of $25 on the return for 1978. These amounts were paid to petitioner by his employer, the United States Postal Service, and his bank, Pulaski Savings and Loan. In general, every individual who is an income earner during the taxable year is required to file an income tax return. Sections 6011, 6012, 7203. In the case of failure to file a return on the date prescribed by the Code, section 6651(a) provides for an addition to tax "unless it is shown that such failure is due to reasonable cause and not due to willful neglect." If any part of an underpayment of tax is due to *276 negligence or intentional disregard of rules and regulations, there shall be added to the tax owed an amount equal to five per cent of the underpayment. Section 6653(a). Petitioner has the burden of proving that the deficiency and penalties determined by the respondent in this case are incorrect. Welch v. Helvering,290 U.S. 111 (1933); Rule 142, Tax Court Rules of Practice and Procedure.
Petitioner's primary contention is that his Fourth and Fifth Amendment rights relieve him of the responsibility of reporting income and filing tax returns. This argument has been considered and rejected on numerous occasions. See United States v. Sullivan,274 U.S. 259 (1927); Cupp v. Commissioner,65 T.C. 68 (1975), affd. 559 F.2d 1207 (3d Cir. 1977); Hatfield v. Commissioner,68 T.C. 895 (1977). Returns which contain constitutional objections rather than information necessary to determine tax liability do not satisfy the filing requirements established by Congress. United States v. Smith,618 F.2d 280, 281 (5th Cir. 1980). Petitioner conceded at trial that he received personal service and *277 interest income in the amounts asserted in respondent's notice of deficiency during the year in question. Likewise, petitioner testified that he had reported identical items of income on his 1976 Federal income tax return. Accordingly, we sustain respondent's determination of the deficiency. Petitioner also failed to show that respondent erroneously determined additions to tax under sections 6651(a) and 6653(a). After a review of all the facts, we conclude that petitioner refused to report and pay his income taxes for 1978 solely because he felt that the tax laws were unfair and unjust. Those feelings do not justify petitioner's disregard of the laws passed by Congress, nor do they relieve him from the additions imposed for such disregard. Consequently, the additions to tax determined by respondent must be sustained. Decision will be entered for the respondent.
Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended, unless otherwise indicated. ↩
2. Pursuant to the order of assignment, on the authority of the "otherwise provided" language of Rule 182, Tax Court Rules of Practice and Procedure↩, the post-trial procedures set forth in that rule are not applicable to this case.