JAMES E. FARRELL JR., Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Farrell v. Commissioner
Docket No. 29167-81.
United States Tax Court
T.C. Memo 1984-220; 1984 Tax Ct. Memo LEXIS 458; 47 T.C.M. (CCH) 1698; T.C.M. (RIA) 84220; April 25, 1984. Robert C. Rogers Jr., for the petitioner. John F. Driscoll and Willie Fortenberry, for the respondent. GOFFE
MEMORANDUM FINDINGS OF FACT AND OPINION GOFFE, Judge: *459 The Commissioner determined a deficiency in and additions to petitioner's Federal income tax as follows: Additions to Tax
Year
Deficiency
6653(b) [1]
6653(a) [2]
6651(a)(1)
1979
$9,195.43
$4,597.72
$459.77
$1,031.85
On October 12, 1982, this Court entered an order in this matter granting respondent's Motion for Partial Summary Judgment as to the deficiency in tax of $9,195.43. The sole issue remaining for our decision, therefore, is the correctness of the Commissioner's determination with respect to the additions to tax. [3]
FINDINGS OF FACT Some of the facts have been stipulated. The stipulation of facts and attached exhibits are incorporated herein by this reference. Petitioner resided in Plant City, Florida, at the time he filed the petition in this case. Petitioner *460 was 42 years old at the time of trial and has been a pipefitter and plumber since his graduation from high school in 1958. He is a member of the Plumbers and Pipefitters Union Local 624. During the taxable year 1979 he received job referrals through the union and received wages from employers in the following amounts: Company
Amounts
Universal Corporation
$ 4,871.93
Daniel International Corp.
800.33
Central Maintenance and Welding, Inc.
879.33
Westinghouse Electric Corp.
12,273.12
Lakeland Construction Co.
1,474.43
Stearns-Rogers, Inc.
7,532.20
Jacobs Constructors, Inc.
1,855.26
TOTAL
$29,686.60
At the time of his receipt of the above amounts and at all times material to this case, petitioner knew that each of these amounts constituted wages paid in return for his labor. On his 1979 Form 1040, he reported no income from wages. Prior to 1979, petitioner was aware of his obligation to file income tax returns and report wage income. He filed a Federal income tax return for the taxable year 1978 and reported income from wages of $21,410.65. Petitioner reads history for enjoyment. He has ready many articles on taxes including a book entitled, *461 Are You Required? This book contains theories about the payment of income taxes and includes various court cases dealing with the question of whether wages are income. Petitioner became interested in the subject of taxes during the 1979 taxable year. He was involved with the Keystone Society, an organization of tax protestors, at the time he filed his 1979 Federal income tax return. He regularly attended meetings at which the participants discussed whether the society's members should pay Federal income taxes. He became a dues-paying member of the society sometime in 1980. He also discussed the subject of taxes with fellow construction workers. Petitioner formed his "belief" or "philosophy" that wages were not taxable during the 1979 taxable year. His theory, in essence, is that wages are not taxable because an income tax may tax only income from a profit or gain. Petitioner believes that because wages constitute an equal exchange of wages for service they result in no profit or gain and are, therefore, not taxable income. He arrived at his theory through self study and discussions with fellow construction workers. He also knew from the articles he read and his discussions *462 with other people that this theory was questionable. He did not consult with an attorney in an attempt to resolve this perceived ambiguity. Petitioner, thereafter, filed Forms 1040X to amend his income tax returns for the taxable years 1977 and 1978 and to request refunds. For 1977, he reported no income and a tax liability of $0 rather than the $22,383.80 income and $2,399 tax reported on the original return. For the taxable year 1978, petitioner amended his return, changing the amount of total income from $21,503.73 and a tax of $3,665 to a total income of $92.58 and a tax of $0. Petitioner's reason for amending was that the returns were based upon erroneous information contained in his Forms W-2, in other words, information submitted prior to the formulation of his "belief" that wages were not taxable income. In addition, petitioner sent letters to each of his employers requesting that the W-2's be "corrected." He attached to the 1040X's, forms labeled "Request for Corrected Form W-2 Wage and Tax Statement." These requests stated that the amounts shown on the W-2 forms for 1977 and 1978 "did not properly reflect the amounts includible in gross income." The Request for Corrected *463 W-2 contained the following language: NOTICE
The amounts shown on Form W-2 for tax year 1979 do not properly reflect the amounts includible in gross income of J. E. Farrell, Jr. for Federal Income Tax purposes. The amount shown in box 10 of Form W-2 should be corrected to comply with Sections 71 thru 84 of the Internal Revenue Code. The amount shown in box 12 of Form W-2 should be corrected to reflect the proper amount of FICA wages paid, that is, the amount of FICA wages includible in gross income. NOTE: Upon correction of the amount of FICA wages paid, the amount of FICA tax erroneously withheld should be refunded to J. E. Farrell, Jr.
If the corrections requested are unavailable or unobtainable, please notify J. E. Farrell, Jr. immediately with a statement of the circumstances and reasons for noncompliance with the above request. If the requested corrections are not furnished within 10 days of receipt of this notice J. E. Farrell, Jr. will file appropriate tax returns with a copy of this notice attached. * * * WARNING: FOR THE PROTECTION OF INDIVIDUALS AND THE COMPANY INVOLVED, ANY CONTACT WITH ANY INTERNAL REVENUE *464 EMPLOYEE SHOULD BE IN WRITING.
Petitioner claimed to be exempt from Federal taxes on two of his W-4's for 1979. In addition, he filled in lines 8 through 54 of his 1979 Form 1040 with zeros and claimed a refund of $6,391.81. Across the Forms W-2 submitted with his 1979 1040, he wrote the word "incorrect." He did not submit W-2's from two employers. He also sent requests for corrected W-2's to each employer and attached copies of these requests to his 1040. He followed a similar pattern for 1980 and 1981. Petitioner refused to cooperate with respondent's agent during efforts to determine his 1979 tax liability. OPINION That wages constitute taxable income has been settled since 1913. Stratton's Independence v. Howbert,231 U.S. 399, 415 (1913); See United States v. Buras,633 F.2d 1356 (9th Cir. 1980), and cases cited therein. Petitioner would have us believe that his wages are not "income" because they are an even exchange of services for money and result in no taxable gain. He insists that it is unconstitutional to tax him in the absence of a "gain" or "profit." This contention is patently frivolous and warrants no further discussion. *465 Rowlee v. Commissioner,80 T.C. 1111, 1125 (1983), appeal dismissed nolle pros. (2d Cir., April 3, 1984). We turn next to the question of fraud under section 6653(b). That section provides in part: (b) FRAUD.--If any part of any underpayment * * * of tax required to be shown on a return is due to fraud, there shall be added to the tax an amount equal to 50 percent of the underpayment. Fraud is never presumed. Respondent has the burden of proving, by clear and convincing evidence, that some part of petitioner's underpayment of tax was due to fraud. Sec. 7454(a); Rule 142(b). This burden is met if it is shown that the taxpayer intended to evade taxes known to be owing by conduct intended to conceal, mislead, or otherwise prevent the collection of taxes. Stoltzfus v. United States,398 F.2d 1002, 1004 (3d Cir. 1968); Webb v. Commissioner,394 F.2d 366 (5th Cir. 1968), affg. a Memorandum Opinion of this Court. Whether fraud exists is a question of fact to be resolved upon consideration of the entire record. Gajewski v. Commissioner,67 T.C. 181, 199 (1976), affd. without published opinion 578 F.2d 1383 (8th Cir. 1978). *466 Fraud may be proved by circumstantial evidence. The taxpayer's entire course of conduct may establish the requisite fraudulent intent. Stone v. Commissioner,56 T.C. 213, 223-224 (1971); Otsuki v. Commissioner,53 T.C. 96, 105-106 (1969). Petitioner, who filed proper tax returns until 1979, was aware of his obligation to file Federal income tax returns and to report wage income. He argues, however, that he filed the document purporting to be his 1979 income tax return [4] based upon a legal theory and a sincere belief that his wages were not includible in income. The record belies this assertion. Petitioner's testimony was evasive, conflicting, and not at all persuasive. Respondent points to many of the inconsistencies. For example, an article petitioner read presented different theories about whether wages were income. The article also contained court cases deciding the issue, *467 but petitioner could point to no authority holding in his favor. And knowing that his theory was at best questionable, he never sought legal advice on the matter although he claimed that he formed his legal theory based upon the article. We simply do not believe that petitioner honestly believed that his theory was valid. Habersham-Bey v. Commissioner,78 T.C. 304, 313 (1982). There is other evidence of fraudulent intent. Petitioner failed to cooperate with respondent's agent during the initial attempt to determine his 1979 liability. [5] He failed to file a return for 1979 (see footnote 4, supra). While the failure to file a return is not proof of fraud, it may be considered in connection with other facts in determining whether any deficiency or underpayment of tax is due to fraud. Beaver v. Commissioner,55 T.C. 85, 92 (1970). Petitioner intentionally filed false W-4 Forms during the taxable year in issue and continued to do so in subsequent years, another indicium of fraud. Habersham-Bey v. Commissioner,supra.[6]
*468 We do not accept petitioner's attempt, on brief, to portray himself as an undereducated, ignorant man. We found him to be quite articulate; by his own admission, he was an avid reader, especially of history. Thus, his actions cannot be explained by ignorance or honest error and must be attributable to ill-founded motives. Respondent has shown by clear and convincing evidence that petitioner's actions were based not upon honest belief but, rather, on a bad faith attempt to evade the payment of tax. Accordingly, we find that petitioner voluntarily and intentionally violated a known legal duty, namely the filing of his Federal income tax returns and the reporting of wage income. We sustain the Commissioner's determination of fraud under section 6653(b). [7]
Decision will be entered for the respondent.
Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended, and all Rule references are to the Tax Court Rules of Practice and Procedure. ↩
2. The additions to tax under sections 6653(a) and 6651(a)(1) are asserted as an alternative to the 6653(b) addition.↩
3. Respondent raised the issue of fraud in an amended answer to the petition.↩
4. Petitioner filed a Form 1040, but it is not a tax return within the meaning of section 6011 and the regulations thereunder. Jarvis v. Commissioner,78 T.C. 646 (1982); United States v. Smith,618 F.2d 280↩ (5th Cir. 1980).
5. Reynolds v. Commissioner,T.C. Memo. 1977-181; Sherman v. Commissioner,T.C. Memo. 1977-261↩. 6. See Hebrank v. Commissioner,T.C. Memo. 1982-496↩. This case involves a member of petitioner's labor union and strikingly similar facts.
7. In view of our finding of fraud, we need not discuss respondent's alternate contentions under secs. 6651(a)(1) and 6653(a).↩