JIMMY D. GUILLORY AND KATHERINE L. GUILLORY, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Guillory v. Commissioner
Docket No. 1595-83.
United States Tax Court
T.C. Memo 1986-290; 1986 Tax Ct. Memo LEXIS 315; 51 T.C.M. (CCH) 1423; T.C.M. (RIA) 86290; July 15, 1986. Jimmy D. Guillory, pro se. Michael R. Rizzuto, for the respondent. WILBUR
MEMORANDUM FINDINGS *316 OF FACT AND OPINION WILBUR, Judge: Respondent determined deficiencies in and additions to petitioners' Federal income taxes as follows: Additions to Tax
Petitioner
Year
Deficiency
Sec. 6651(a)(1) [1]
Sec. 6653(a)
Sec.
6653(b)
Katherine L. Guillory
1979
$3,239
$48.82
$161.95
Jimmy D. Guillory
1979
3,239
$1,619.50
Katherine L. Guillory
1980
3,535
1,767.50
Jimmy D. Guillory
1980
3,535
1,767.50
The issues for decision are: 1. Whether there are deficiencies in taxes due from petitioners, individually, in the amounts determined by respondent for the years 1979 and 1980. 2. Whether petitioner Katherine L. Guillory is liable for the additions to tax pursuant to section 6651(a)(1) for failure to file a timely return and section 6653(a) for negligence or intentional disregard of rules and regulations for the year 1979. 3. Whether petitioner Jimmy D. Guillory is liable for additions to tax pursuant to section 6653(b) for fraud for the years 1979 and 1980, and whether petitioner Katherine L. Guillory is liable for such an addition to tax for the year 1980. Alternatively, if it is decided that *317 petitioners are not liable for such additions to tax under section 6653(b), whether they are liable for the additions to tax pursuant to section 6651(a)(1) and section 6653(a) for such years. FINDINGS OF FACT By Court order dated January 16, 1984, respondent's proposed stipulation of facts and attached exhibits were deemed stipulated pursuant to Rule 91(f), [2] except for the final clauses of paragraphs 7 and 10 of the stipulation. The stipulation and attached exhibits are incorporated herein by this reference. Petitioners Jimmy D. Guillory and Katherine L. Guillory, husband and wife, resided in Louisiana at the time the petition was filed in this case.During the years in issue, petitioner Jimmy D. Guillory (hereinafter Jimmy) was employed as a machinist by Cities Service Company (Cities Service) in Lake Charles, Louisiana. He was a graduate of both high school and Spencer Business College. Petitioner Katherine L. *318 Guillory (hereinafter Katherine) was employed as an accounting clerk by Gulf Oil Corporation (Gulf Oil) in Lake Charles during the years in issue. She was a high school graduate and had an associate degree from McNeese State. The Forms W-2 issued by Cities Service to Jimmy indicate that he received wages in 1979 and 1980 in the amounts of $21,265.38 and $19,857.23, respectively. The Forms W-2 issued by Gulf Oil to Katherine indicate that she received wages in 1979 and 1980 in the amounts of $11,362.45 and $14,434.26, respectively. Petitioners' joint 1978 individual income tax return (Form 1040A) reported total wages in the amount of $25,351.69 and a tax liability in the amount of $4,416. The 1978 Form 1040A was signed by both petitioners. On or about April 15, 1980, petitioners submitted a Form 1040A for 1979 to the Internal Revenue Service Center, Austin, Texas, on which they refused to disclose their income or tax liability, claiming a Fifth Amendment privilege. Attached to the form were various tax protester materials. The form was signed by both petitioners. Petitioners were advised by a letter dated June 23, 1980 from the Internal Revenue Service that this Form 1040A *319 did not qualify as a Federal income tax return. On or about April 15, 1981, petitioners filed a Form 1040A for 1980 with the Internal Revenue Service on which they again refused to disclose their income or tax liability, claiming a Fifth Amendment privilege. Attached to the form were identical tax protester materials. The form was signed by both petitioners. Petitioners were advised by a letter dated June 17, 1981 from the Internal Revenue Service that this Form 1040A did not qualify as a Federal income tax return. Each of the letters from the Internal Revenue Service included an explanation of the requirements of a Federal income tax return. On or about April 15, 1982, Jimmy individually submitted for filing a Form 1040A for 1981 on which he refused to disclose his income or tax liability, again claiming a Fifth Amendment privilege. Petitioners knew at the time they submitted for filing their 1979 and 1980 Forms 1040A that they owed Federal income taxes for the 1979 and 1980 taxable years. Jimmy submitted Forms W-4 (Employee's Withholding Allowance Certificates) to his employer claiming exemption from Federal income tax withholding on November 30, 1979 and January 9, 1980. *320 On each such occasion, he met with Mr. L. J. Armand, payroll supervisor for Cities Service, and Armand explained to Jimmy the qualifications required in order to claim exemption from Federal income tax withholding. Armand explained to Jimmy that if he submitted a Form W-4 falsely claiming to be exempt he could go to jail.The following wording appeared near the bottom of the Forms W-4: Under the penalties of perjury, * * * I certify that I incurred no liability for Federal income tax for last year and I anticipate that I will incur no liability for Federal income tax for this year. After Armand explained the requirements for claiming exemption, Armand had Jimmy sign before him and resubmit the Forms W-4. Jimmy signed and resubmitted the forms even though he knew at such times that he had incurred a Federal tax liability for each of the previous years. Jimmy submitted to his employer additional Forms W-4 claiming exemption from Federal income tax withholding on April 7, 1981 and February 18, 1982. Katherine submitted a Form W-4 to Gulf Oil claiming exemption from Federal income tax withholding on February 5, 1980. Shortly thereafter she met with her immediate supervisor, Mr. *321 William J. Crawford, who counseled her on the execution of the Form W-4 and attempted to convince her to withdraw her claimed exemption from withholding. Katherine, however, refused to change the Form W-4, even though she knew at the time she submitted the Form W-4 that she had incurred a Federal tax liability for 1979. On or about November 29, 1982, petitioners jointly submitted a Form 1040X (Amended U.S. Individual Income Tax Return) to the Internal Revenue Service for the taxable year 1979 stating thereon that both their corrected income and tax liability were zero and claiming a refund of the full amount of tax withheld from their wages during 1979. A letter attached to the Form 1040X stated that it was submitted, "[i]n order to halt the aggressive action taken against us by the Internal Revenue Service, * * * [t]rusting that this will correct any questions and bring to a stop all of the threats and intimidations." The letter also stated that this aggressive action had resulted from the exercise of their Fifth Amendment rights. Jimmy also submitted Forms 1040X to the Internal Revenue Service for the taxable years 1980 and 1981 stating thereon that both his corrected income *322 and tax liability for each of the years were zero and claiming refunds of the full amount of tax withheld from his wages during 1980 and 1981. Petitioners also filed joint State income tax returns for the years 1979 and 1980 with the State of Louisiana in which they refused to disclose any of their income or tax liability, claiming a Fifth Amendment privilege. Jimmy submitted Forms L-4E (State of Louisiana Exemption From Withholding) to his employer on May 31, 1980 and April 7, 1981. Katherine submitted a Form L-4E to her employer on February 5, 1980. During 1981, petitioners were under investigation by a Lake Charles, Louisiana, revenue agent of the Internal Revenue Service for the taxable years 1979 and 1980. Jimmy failed to appear for scheduled appointments with the revenue agent. The revenue agent referred the case to the Criminal Investigation Division, Internal Revenue Service, where it was assigned to Special Agent Joseph Caccioppi (hereinafter Caccioppi). In July 1981, Caccioppi began investigating petitioners for the taxable years 1979 and 1980. Caccioppi had an initial interview with Jimmy on August 17, 1981, during which Caccioppi identified himself to Jimmy, informed *323 Jimmy that he was under criminal investigation, and advised him as to his rights. On August 18, 1981, Jimmy telephoned Caccioppi and scheduled an appointment for August 20, 1981. Jimmy did not appear for this appointment, but rather, arrived at Caccioppi's office one week later on August 27, 1981. During this meeting, Jimmy asked about the extent of his tax liability, even though the subject had not been raised by Caccioppi prior to petitioner's inquiry. In September 1981, Jimmy sent four letters to Cities Service in response to an Internal Revenue Service summons served upon or expected to be served upon Cities Service. One of these letters instructed Cities Service not to disclose any records, forms or paperwork concerning him to the Internal Revenue Service without his permission or a court order. Another of the letters stated that if any records concerning himself were turned over to the Internal Revenue Service in response to the summons, he would seek legal redress against Cities Service for violating his privacy rights. The remaining two letters instructed Cities Service not to honor a request by the Internal Revenue Service to change Jimmy's exempt withholding status *324 and threatened a lawsuit if Cities Service made such a change. OPINION 1. Deficiencies for 1979 and 1980
The first issue for decision is whether there are deficiencies in taxes due from petitioners, individually, in the amounts determined by respondent for the years 1979 and 1980. Petitioners have not disputed that they received wages in the amounts determined by respondent. Rather, they argue that wages are an even exchange for labor, and therefore are not taxable. This argument has repeatedly been held to be without merit. E.g., Rowlee v. Commissioner,80 T.C. 1111, 1120 (1983); Reiff v. Commissioner,77 T.C. 1169, 1173 (1981); Reading v. Commissioner,70 T.C. 730, 733 (1978), affd. per curiam 614 F.2d 159 (8th Cir. 1980); see also Eisner v. Macomber,252 U.S. 189 (1920). Respondent's determination of the deficiencies is presumptively correct. Rule 142(a); Welch v. Helvering,290 U.S. 111, 115 (1933). Petitioners have offered no evidence with which to overcome this presumption. Accordingly, we hold that petitioners are liable for the deficiencies determined by respondent *325 for the years in issue. 2. Katherine L. Guillory -- Additions to Tax for 1979
We next consider whether Katherine is liable for the additions to tax pursuant to section 6651(a)(1) and section 6653(a) for the year 1979. Section 6651(a) imposes an addition to tax for failure to timely file a return unless the taxpayer shows that such failure was due to reasonable cause and not willful neglect. Courts have consistently held that a document which does not contain sufficient information for respondent to compute and assess a tax liability is not a valid return. Commissioner v. Lane-Wells Co.,321 U.S. 219 (1944); Steinbrecher v. Commissioner,712 F.2d 195 (5th Cir. 1983); Cupp v. Commissioner,65 T.C. 68, 79 (1975), affd. without opinion 559 F.2d 1207 (3d Cir. 1977). This Court has held that a return within the meaning of the statute must "state specifically the amounts of gross income and the deductions and credits claimed." Conforte v. Commissioner,74 T.C. 1160, 1195 (1980), affd. in part and revd. and remanded in part 692 F.2d 587 (9th Cir. 1982). The Form 1040A submitted by *326 petitioners for the year 1979 clearly did not reflect an endeavor to satisfy the law and did not contain sufficient information to constitute a valid return.We therefore hold that petitioners did not file a timely return for the 1979 taxable year. The burden is on Katherine to prove that her failure to file was due to reasonable cause and not willful neglect. Rule 142(a). The Form 1040A submitted for 1979 claimed a Fifth Amendment privilege. The privilege against self-incrimination may be asserted with respect to an Internal Revenue Service form only if the taxpayer asserting the privilege shows a "relationship between the information required on the * * * form and a real and appreciable danger of criminal prosecution at the time he was required to complete that form." Rowlee v. Commissioner,supra at 1122-1123; see also Hoffman v. United States,341 U.S. 479 (1951). The only evidence introduced indicating a fear of criminal prosecution related to the criminal investigation conducted by Mr. Caccioppi. This investigation was not commenced, however, for over two years after petitioners submitted the Form 1040X for 1979. Katherine has not shown *327 that her failure to file for the year 1979 was due to reasonable cause and not willful neglect. Section 6653(a) imposes an addition to tax if any part of an underpayment is due to negligence or intentional disregard of rules and regulations. [3] The burden of proof is on Katherine to establish a lack of negligence or intentional disregard of rules and regulations. Bixby v. Commissioner,58 T.C. 757, 791 (1972). The return filed by her for 1978 and the protester return submitted for 1979 demonstrate that she was aware of her duty to file returns and she has not alleged that she was unaware of such duty. The record is devoid of any evidence which would suggest that her failure to file a return for 1979 was due to other than negligence or intentional disregard of rules and regulations. Accordingly, we hold that Katherine is liable for the additions to tax pursuant to section 6651(a)(1) and section 6653(a) for the year *328 1979. 3. Section 6653(b) Additions to Tax for 1979 and 1980
The final issue for decision is whether Jimmy is liable for additions to tax pursuant to section 6653(b) for fraud for the years 1979 and 1980, and whether Katherine is liable for such an addition to tax for the year 1980. Jimmy failed to file adequate returns in 1979 and 1980, filed Forms W-4 claiming exemption from Federal income tax withholding in 1979 and 1980, filed Forms 1040X falsely claiming that his income and tax liability were zero and claiming a refund of all income tax withheld during 1979 and 1980, and attempted to prevent respondent from obtaining information relating to petitioners' tax liability. Katherine failed to file adequate returns in 1979 and 1980, filed a Form W-4 falsely claiming exemption from Federal income tax withholding in 1980, and filed a Form 1040X falsely claiming that her income and tax liability were zero and claiming a refund of all income tax withheld during 1979. Respondent contends that these actions constitute fraud, and that petitioners are liable for the additions to tax under section 6653(b). We agree. Section 6653(b) imposes an addition to tax if any part of an *329 underpayment of tax is due to fraud. Fraud may be proved by circumstantial evidence because direct proof of the taxpayer's intent is rarely available. The taxpayer's entire course of conduct may establish the requisite fraudulent intent. Stone v. Commissioner,56 T.C. 213, 223-224 (1971); Otsuki v. Commissioner,53 T.C. 96, 105-106 (1969). Respondent bears the burden of proving fraud by clear and convincing evidence. Section 7454(a); Rule 142(b); Stratton v. Commissioner,54 T.C. 255, 284 (1970), modified as to another issue 54 T.C. 1351 (1970). Fraud has been described as an "intentional wrongdoing * * * motivated by a specific purpose to evade a tax known or believed to be owing." Stoltzfus v. United States,398 F.2d 1002, 1004 (3d Cir. 1968); Webb v. Commissioner,394 F.2d 366 (5th Cir. 1968). The elements to be shown are (1) an underpayment of tax, [4] and (2) that some part of this underpayment was due to fraud. Plunkett v. Commissioner,465 F.2d 299, 303 (7th Cir. 1972). We find that the Forms W-2 issued by Cities Service and Gulf Oil and petitioners' failures *330 to report those amounts constitute clear and convincing evidence of the existence of underpayments during the years in issue. Petitioners knowingly submitted false information when they filed Forms W-4 claiming exemption from Federal withholding. Petitioners had paid taxes in the past, and they knew that they were required to pay Federal income tax. The requirements for filing Forms W-4 claiming exemption had been explained to both petitioners and by stating that they anticipated no tax liability in the years they filed the Forms W-4 claiming exemption, petitioners knowingly gave false information to the Federal Government. The filing of false certificates claiming that the taxpayer is exempt from withholding is evidence of fraud. Hebrank v. Commissioner,81 T.C. 640, 642 (1983); Habersham-Bey v. Commissioner,78 T.C. 304, 313-314 (1982). The Forms 1040A filed by petitioners for 1979 and 1980 contained inadequate information to constitute income tax returns within the meaning of the Internal Revenue Code. Steinbrecher v. Commissioner,712 F.2d 195, 198 (5th Cir. 1983); United States v. Smith,618 F.2d 280 (5th Cir. 1980). *331 Petitioners were notified repeatedly by respondent that the forms they submitted did not constitute adequate returns. Failure to file tax returns, without more, is not conclusive proof of fraud. Stoltzfus v. United States,supra.However, failure to file is a factor worthy of consideration, particularly when coupled with the submission of false Forms W-4. Habersham-Bey v. Commissioner,supra at 313. This has been held to be true in cases where the failure to file was a result of the submission of inadequate returns. Hebrank v. Commissioner,supra.[5] The submission of false Forms W-4 and protester-type Forms 1040 supports the inference that petitioners' failure to file was motivated by a fraudulent intention to evade taxes rather than a genuine fear of self-incrimination. See Rechtzigel v. Commissioner,79 T.C. 132, 138-139 (1982), affd. per curiam 703 F.2d 1063 (8th Cir. 1983). [6]
*332 Petitioners also indicated their fraudulent intent by submitting Forms 1040X falsely claiming that their income and tax liability were zero and seeking refunds of the tax withheld. Regardless of their views about our system of Federal income taxation, petitioners did receive wages during the years in issue and they knew of their duty to report the wages as income. Petitioners are badly mistaken if they believe that a proper method of expressing their dissatisfaction with our system of taxation is to pursue a course of tax evasion. Respondent has shown by clear and convincing evidence that petitioners purposefully attempted to evade a tax known to be owing. Accordingly, we hold that petitioner Jimmy D. Guillory is liable for additions to tax pursuant to section 6653(b) for the years 1979 and 1980, and that petitioner Katherine L. Guillory is liable for such an addition to tax for the year 1980. Decision will be entered for the respondent.
Footnotes
1. Unless otherwise indicated, all section references are to the Internal Revenue Code of 1954, as amended and in effect during the years in issue.↩
2. Unless otherwise indicated, all rule references are to the Tax Court Rules of Practice and Procedure.↩
3. Sec. 6653(c)(1) defines "underpayment" for purposes of sec. 6653 as a "deficiency" as defined in sec. 6211, except that the tax shown on a return referred to in sec. 6211(a)(1)(A) shall be taken into account only if the return was timely filed.↩
4. See note 3, supra.↩
5. See also Rogers v. Commissioner,T.C. Memo. 1984-116; Watkins v. Commissioner,T.C. Memo. 1983-603; Hebrank v. Commissioner,T.C. Memo. 1982-496; Fuhrmann v. Commissioner,T.C. Memo. 1982-255↩. 6. See also Rogers v. Commissioner,supra.↩