In re Gerald Joseph FONDREN, Debtor.

Gerald Joseph Fondren, Plaintiff,

v.

United States of America (Internal Revenue Service).

Bankruptcy No. 01–6575–DHW.

Adversary No. 01–274–DHW.

United States Bankruptcy Court, M.D. Alabama.

July 31, 2002.

C.H. Espy, Jr., Dothan, AL, for Plaintiff.

Patricia Allen Conover, Montgomery, AL, for Defendant.

## OPINION ON COMPLAINT TO DETERMINE DISCHARGEABILITY OF DEBT

DWIGHT H. WILLIAMS, Bankruptcy Judge.

The debtor, Gerald Joseph Fondren, filed a complaint under 11 U.S.C. § 523(a)(1) to determine the dischargeability of his income tax liability to the United States for years 1996 and 1997.

The United States filed an answer conceding that the income tax liability for 1996, as currently assessed, is dischargeable. However, the United States contends that the debtor's income tax liability for 1997 is not dischargeable because the debtor failed to file a return for that tax year.

The debtor contends that he did file a return as reflected by the 1997 Form 1040 filed on February 10, 1998.

The debtor filed a partial motion for summary judgment on that issue, and the United States filed a cross motion for summary judgment. The parties submitted the issue to the court on briefs of counsel.

The relevant facts are not in dispute. The debtor filed a Form 1040 on February 10, 1998 for tax year 1997. The form reports zero income: the debtor placed a zero on each line corresponding to each

type of income. The debtor also placed zeros on the lines corresponding to tax computation, credits, and other taxes. The form reports withholdings in the amount of $3,434.61 and claims a refund for that amount. Attached to the form is a two-page document listing several reasons why the debtor is not required to list items of income on the form.

Under 11 U.S.C. § 523(a)(1)(B)(i), an individual is not discharged from any debt "with respect to which a return, if required . . . was not filed."

The parties dispute whether the Form 1040 filed by the debtor is sufficient to constitute a "return" within the meaning of 11 U.S.C. § 523(a)(1)(B)(i).

The Fifth Circuit construed the effect of a similar Form 1040 in *United States v. Smith*, 618 F.2d 280 (5th Cir.1980). In *Smith*, the criminal defendant was convicted of failing to file income tax returns for years 1974 and 1975:

> The bare act of filing a form 1040 does not constitute a tax "return" under section 7203 [of the Internal Revenue Code]. . . . The statute requires disclosure of "information relating to the taxpayer's income from which the tax can be computed." Smith's 1974 and 1975 "returns" which contained nothing but zeros and constitutional objections, plainly did not even purport to disclose the required information. Smith was thus properly charged with failure to file for those years.

*Smith*, 618 F.2d at 281 (citations omitted). The Eleventh Circuit adopted the decisions of the former Fifth Circuit as binding precedent. *See Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir.1981). *See also United States v. Pilcher*, 672 F.2d 875 (11th Cir.1982):

> The law is reasonably clear. Every income earner is required to file an income tax return. A taxpayer cannot assert a Fifth Amendment privilege against compulsory self-incrimination to justify the failure to file any return at all. Protest documents duplicating in part U.S. individual income tax return form 1040's but containing no financial data are not tax "returns" for the purposes of section 7203. *United States v. Booher*, 641 F.2d 218, 219 (5th Cir.1981); *United States v. Smith*, 618 F.2d 280, 281 (5th Cir.1980); *United States v. Johnson*, 577 F.2d 1304, 1311 (5th Cir. 1978). Although the source of income might be privileged, the amount must be reported. The failure to provide amounts on income tax returns cannot be justified out of a political disagreement with the tax laws or in protest against the policies of the Government.

*Pilcher*, 672 F.2d at 877 (most citations omitted).

Based on the above authority, the court concludes that the Form 1040 filed by the debtor in the instant case for tax year 1997 did not constitute a "return." Therefore, the income tax liability of the debtor for tax year 1997 is excepted from discharge under 11 U.S.C. § 523(a)(1)(B)(i).

A separate order will enter consistent with this opinion.

## ORDER ON COMPLAINT TO DETERMINE DISCHARGEABILITY

In accordance with the Opinion entered this day, it is hereby

ORDERED that the income tax debt owed by Gerald Joseph Fondren to the United States of America, Internal Revenue Service, for tax year 1996, as currently assessed, is not excepted from discharge under 11 U.S.C. § 523(a)(1), and that debt is hereby declared to be DISCHARGEABLE. It is

FURTHER ORDERED that the income tax debt owed by Gerald Joseph Fondren to the United States of America, Internal Revenue Service, for tax year 1997 is excepted from discharge under 11 U.S.C. § 523(a)(1), and that debt is hereby declared to be NONDISCHARGEABLE.