ANDREW LEYVA, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Leyva v. Comm'r
Docket No. 25427-09.
United States Tax Court
2011 U.S. Tax Ct. LEXIS 60; 2012-2 U.S. Tax Cas. (CCH) P50,578; January 18, 2011, Decided
*60 For Petitioner, Pro se.
For Respondent: Susi, Doreen Marie, Phoenix, AZ; Harrel, Michael R., Phoenix, AZ; Cuatto, Jan Robert, Phoenix, AZ.
L. Paige Marvel, Judge.
L. Paige Marvel
ORDER
Pursuant to Rule 152(b), Tax Court Rules of Practice and Procedure, it is
ORDERED that the Clerk of the Court shall transmit herewith to petitioner and to respondent a copy of the pages of the transcript of the trial in the above case before Judge L. Paige Marvel at Phoenix, Arizona, on December 10, 2010, containing her oral findings of fact and opinion rendered at the conclusion of the trial.
In accordance with the oral findings of fact and opinion, decision will be entered for respondent.
(Signed) L. Paige Marvel
Judge
Dated: Washington, D.C.
January 18, 2011
THE COURT: THE COURT HAS DECIDED TO RENDER ORAL FINDINGS OF FACT AND OPINION IN THIS CASE, AND THE FOLLOWING REPRESENTS THE COURT'S ORAL FINDINGS OF FACT AND OPINION. THE ORAL FINDINGS OF FACT AND OPINION SHALL NOT BE RELIED UPON AS PRECEDENT IN ANY OTHER CASE.
This bench opinion is made pursuant to section 7459 (b), Internal Revenue Code, and Rule 152, Tax Court Rules of Practice and Procedure. Unless otherwise indicated, all section references are to the *61 Internal Revenue Code in effect for 2006, and all Rule references are to the Tax Court Rules of Practice and Procedure.
By statutory notice of deficiency dated July 27, 2009, respondent determined an income tax deficiency of $22,157 and additions to tax under sections 6651 (a) (1) and (2) and 6654 of $4,985.33, $2,880.41 and $1,048.55, respectively, with respect to Petitioner's 2006 taxable year. Petitioner timely contested respondent's determination by filing a petition in this Court. On the date petitioner filed his petition, he resided in Arizona. Absent a stipulation to the contrary, any appeal in this case will lie to the United States Court of Appeals for the Ninth Circuit. Sec. 7482(b).
The issues for decision are: (1) Whether petitioner had unreported wage income and capital gain income for 2006 as determined by respondent, and (2) whether petitioner is liable for the additions to tax under sections 6651(a) (1) and (2), and 6654. We must also decide whether petitioner is liable for a penalty under section 6673(a) (1) for asserting frivolous and groundless positions in this proceeding.
A trial was held on December 6, 2010, in Phoenix, Arizona, at which petitioner testified. Petitioner *62 represented himself and Doreen M. Susi represented respondent.
FINDINGS OF FACT
Some of the relevant facts have been stipulated. The stipulation of facts is incorporated herein by this reference.
Petitioner is an airline pilot who began working with SkyWest Airlines, Inc. in March 1997. He was employed at SkyWest Airlines, Inc. throughout 2006 and is currently employed there. Petitioner is a college graduate who holds degrees in information systems and aeronautical science.
Petitioner, a single taxpayer, mailed a Form 1040, U.S. Individual Income Tax Return, for the year ending December 31, 2006, to respondent on October 15, 2007. Petitioner attached to the Form 1040 and incorporated therein by reference, a Form 4852, Substitute for Form W-2, Wage and Tax Statement, or Form 1099-R, Distributions From Pensions, Annuities, Retirement or Profit-Sharing Plans, IRAs, Insurance Contracts, etc., and an "Affidavit of Income Tax Non-Liability by Andrew Leyva (Leyva)", which read in pertinent part as follows:
Leyva received no "wages" as that term is defined in Title 26 Internal Revenue Code, Sections 3401(a) and 3121(a).
Leyva is not an employee as that term is defined by Title 26 Internal Revenue *63 Code, Section 3401(c).
On the 2006 Form 1040, petitioner entered zeros on every income line. He claimed a standard deduction of $5,150 and a personal exemption deduction of $3,300 and reported zero taxable income and zero total tax due. Petitioner also reported that he had Federal income tax withholdings of $6,256 for 2006, and he claimed a refund of that amount.
Respondent treated petitioner's Form 1040 as a frivolous return that was not processable and prepared a substitute for return for petitioner for 2006 in accordance with section 6020(b). On the substitute for return, respondent included income reported from third-party payors, as reported on information returns filed with the Internal Revenue Service, consisting of wage income from SkyWest Airlines, Inc. of $78,758 and capital gain income from Edward D. Jones & Co. of $29,079. Petitioner stipulated that he received a Form W-2 from SkyWest Airlines, Inc. and a Form 1099-B from Edward D. Jones & Co. for 2006. On the substitute for return respondent calculated a Federal income tax liability for 2006 of $22,157.
By notice of deficiency dated July 27, 2009, respondent determined that petitioner had an income tax deficiency of $22,157 *64 and that petitioner was liable for additions to tax under sections 6651(a) (1) and (2) and 6654. Petitioner filed a timely petition contesting respondent's determinations.
On December 6, 2010, a trial was held at which petitioner was the only witness. At the trial, respondent submitted a motion for damages under section 6673 (a) (1), which alleged that petitioner's positions in this case were frivolous and groundless. During trial, petitioner attempted to introduce into evidence documents entitled "Petitioner's Statutory Challenges", "Exhibit on Article I, Section 9, Clause 5", and "Brief Regarding 26 USC § 83 (a)". We did not admit the documents because they contained petitioner's arguments and were not admissible as evidence. However, we advised petitioner that we would consider the documents as his argument regarding why his 2006 income was not taxable.
Before trial, petitioner also submitted a document entitled "Request to the Court To Take Judicial Notice Pursuant to Federal Rules of Evidence Rule 201". Because the document primarily identifies statutory provisions and other legal references and contains petitioner's arguments, judicial notice under Rule 201 of the Federal Rules of Evidence *65 is not appropriate and we decline to take judicial notice as requested.
OPINION
Ordinarily, the taxpayer has the burden of proving that the Commissioner's determinations in the notice of deficiency are in error. Rule 142 (a). The U.S. Court of Appeals for the Ninth Circuit, to which an appeal in this case would lie absent a stipulation to the contrary, see sec. 7482 (b) (1) (A), has held that for the presumption of correctness to attach to the notice of deficiency in unreported income cases, the Commissioner must establish "some evidentiary foundation" connecting the taxpayer with the income-producing activity, see Weimerskirch v. Commissioner, 596 F.2d 358, 361-362 (9th Cir. 1979), revg. 67 T.C. 672 (1977), or demonstrating that the taxpayer actually received unreported income, Edwards v. Commissioner, 680 F.2d 1268, 1270-1271 (9th Cir. 1982) (holding that the Commissioner's assertion of a deficiency is presumptively correct once some substantive evidence is introduced demonstrating that the taxpayer received unreported income). If the Commissioner introduces some evidence that the taxpayer received unreported income, the burden shifts to the taxpayer, who must establish by a preponderance *66 of the evidence that the deficiency was arbitrary or erroneous. See Hardy v. Commissioner, 181 F.3d 1002, 1004 (9th Cir. 1999), affg. T.C. Memo. 1997-97.
Respondent has proven that, during the year at issue petitioner was employed by SkyWest Airlines, Inc. and had capital gain income from Edward D. Jones & Co. Accordingly, the burden of production shifted to petitioner to prove that respondent's adjustments in the notice of deficiency were arbitrary or erroneous. Consequently, petitioner bears the burden of proof and the burden of production with respect to all adjustments affecting his liability for the tax deficiency.
In certain circumstances, section 7491 (a) may shift the burden of proof with respect to any factual issue relevant to ascertaining the liability of the taxpayer to the Commissioner if the taxpayer introduces credible evidence regarding the factual issue and the taxpayer satisfies the requirements of section 7491 (a) (2) regarding the maintenance of all required records and the substantiation of items claimed on the taxpayer's return.
Petitioner did not introduce credible evidence regarding the adjustments made by respondent and he did not satisfy the requirements of section 7491 (a) (2). *67 Consequently, petitioner has the burden of proving respondent's determinations are in error.
Petitioner constructed his case on a tortured reading of Code sections and regulations that have no application to his situation, and he engaged in an ill-advised and misguided attempt during trial to convince us that he was immune from the obligations imposed on every U.S. citizen who has sufficient income to file a proper return and to pay any tax that is due and owing. We reject that effort for what it is -- a futile attempt to justify his refusal to pay tax on the income he agrees he earned during 2006.
It is well-established that this Court is under no obligation to refute shop-worn and groundless arguments such as petitioner's with detailed explanations of why the arguments are in error. Williams v. Commissioner, 114 T.C. 136, 138-139 (2000) (citing Crain v. Commissioner, 737 F.2d 1417, 1417 (5th Cir. 1984)). Suffice it to say that petitioner, like every other taxpayer, is required to file a Federal income tax return if he has sufficient income. Sec. 6012 (a). Petitioner received income during 2006 in an amount sufficient return. Although petitioner filed a purported return, it contained *68 entries of zero on every income line, as well as information indicating that petitioner was disputing that the income he received from third-party payors was taxable.
In his pretrial memorandum petitioner relies on United States v. Long, 618 F.2d 74 (9th cir. 1980), to suggest that a return is valid even if information in the return is false if a tax liability could be computed. Petitioner's reliance on Long is misplaced. In United States v. Long, supra at 75-76, the Court of Appeals for the Ninth Circuit held that in the context of a criminal prosecution under section 7203, a Form 1040 that contained only zeros in every space for entering exemptions, income, tax, and tax withheld was a valid return. In this case, the issue arises under section 6651 (a) (1), which authorizes an addition to tax when a taxpayer fails to file a timely return. For purposes of section 6651 (a) (1), courts have routinely held that a return containing zeros with respect to every income line item and insufficient information from which to determine the taxpayer's correct tax liability ordinarily is not a valid return. See, e.g., United States v. Smith, 618 F.2d 280, 281 (5th Cir. 1980); Cabirac v. Commissioner, 120 T.C. 163, 169 (2003); *69 Beard v. Commissioner, 82 T.C. 766, 777 (1984), affd. 793 F.2d 139 (6th Cir. 1986). The return that petitioner filed did not contain sufficient information from which respondent could determine petitioner's correct tax liability and was not a valid and processable return.
Section 6020 (b) authorizes the Commissioner to prepare a substitute for return whenever a taxpayer fails to file a valid return. Although petitioner attempts to suggest that the substitute for return was not proper, petitioner failed to introduce any credible evidence that the requirements of section 6020 (b) had not been met. See sec. 6020 (b) (stating that the Commissioner shall prepare a substitute for return for "any person [who] fails to make any return required by any internal revenue law or regulation"); Cabirac v. Commissioner, supra at 170-173. The information submitted and arguments made were insufficient to satisfy petitioner's burden of proving that the substitute for return was invalid or that the certification was not authorized.
Having disposed of petitioner's procedural arguments, we reluctantly turn our attention to petitioner's misguided and frequently incomprehensible argument that he properly excluded *70 his gross income from the purported 2006 return he filed. Petitioner's principal argument appears to be that he was entitled to exclude his income under section 83. In so doing, petitioner adopted a version of the oft-repudiated "equal exchange" theory, contending that he had basis in his labor, which he traded to SkyWest Airlines, Inc. for equal value in the form of his compensation. As a result, petitioner asserts that under section 83 (a) the value of his labor is excluded from gross income. Petitioner also asserted that his wage income did not qualify as wages within the meaning of sections 3401 (a) and 3121 (a) and that he was not an employee under section 3401 (c).
Petitioner's arguments are the result of a distorted and misguided reading of Code provisions. Petitioner has constructed the arguments by extracting and mutilating language from Code provisions and related regulations that simply do not apply to petitioner. Petitioner's actions reflect an appalling lack of competent research and analysis and suggest that he was motivated by goals that are simply not consistent with a good-faith attempt to comply with the obligations imposed on taxpayers by the Federal tax system.
The *71 reality is that "Compensation for labor or service, paid in the form of wages or salary, has been universally held by the courts of this republic to be income, subject to the income tax laws currently applicable. "United States v. Romero, 640 F.2d 1014, 1016 (9th Cir. 1981); see also Coleman v. Commissioner, 791 F.2d 68 (7th Cir. 1986); United States v. Buras, 633 F.2d 1356, 1361 (9th Cir. 1980); Rowlee v. Commissioner, 80 T.C. 1111, 1119-1122 (1983). Section 83 does not permit a taxpayer to claim basis in his labor or protect a taxpayer from the obligation to report and pay taxes on his wages and other compensation. See, e. g., Cullinane v. Commissioner, consistently held that compensation for services rendered constitutes taxable income and that taxpayers have no tax basis in their labor.") and cases cited therein; Rev. Rul. 2007-19, 2007-1 C.B. 843. Dividends and capital gains are taxable income as well. See, e.g., Boyce v. Commissioner, T.C. Memo. 1996-439, affd. 122 F.3d 1069 (9th Cir. 1997).
We reject petitioner's arguments as frivolous and groundless, and we find that he made the arguments for the purpose of delaying or avoiding entirely his tax reporting and payment obligations. *72 We sustain respondent's determination that petitioner is liable for an income tax deficiency of $22,157. We also sustain respondent's determinations with respect to the additions to tax. Petitioner did not separately assign error with respect to the additions to tax, as his arguments centered entirely around his contention that his wage and capital gain income were, not taxable. By failing to assign error with respect to the additions to tax, petitioner conceded the additions to tax. See Rule 34 (b). Moreover, although the Commissioner ordinarily has the burden of production with respect to penalties and additions to tax as to which a taxpayer properly assigns error, see sec. 7491 (c); Swain v. Commissioner, 118 T.C. 358, 364-365 (2002), respondent carried that burden in any event.
Finally, we consider whether sanctions are appropriate under section 6673. Section 6673 (a) (1) provides that "Whenever it appears to the Tax Court that (A) proceedings before it have been instituted or maintained by the taxpayer primarily for delay, (B) the taxpayer's position in such proceeding is frivolous or groundless, or (C) the taxpayer unreasonably failed to pursue available administrative remedies, *73 the Tax Court in its decision may require the taxpayer to pay to the United States a penalty not in excess of $25,000." Before trial began, we warned petitioner that if he continued making the arguments and taking the positions he had taken before trial, we might impose the section 6673 penalty. Despite this warning and other warnings he received during the administrative consideration of his case, petitioner persisted in wasting the time and resources of the Court and respondent with yet another regurgitation of shop-worn positions designed to avoid petitioner's tax obligations. See IRS publication "The Truth About Frivolous Tax Arguments" [www.irs.gov/pub/irs-utl/friv_tax.pdf]. We shall impose a penalty under section 6673 (a) (1) of $5,000, and we warn petitioner that the penalty will likely be imposed again and increase in amount if he persists in making similar arguments to this Court in other cases.
Decision will be entered for respondent.
THIS CONCLUDES THE COURT'S ORAL FINDINGS OF FACT AND OPINION IN THIS CASE.
(Whereupon, at 11:00 a.m., the bench opinion in the above-entitled matter was concluded.)